# NIMROD BUCKINGHAM *vs.* GEORGE H. DAVIS.

The 22nd sec., art. 4, of the constitution, which provides, that no judge *"shall sit"* in any cause in which he is interested, or related to the parties, or shall have been counsel, and that a special judge shall be appointed *"to try the said cause,"* *absolutely* and *unconditionally* prohibits the disqualified judge from *trying* the case, but not *necessarily* from authorising mere *matters of form,* tending only to prepare the case for trial.

The circumstances of each case must determine whether the judge should act in any degree or not; where a continuance, or filing, receiving or amending pleadings, would prejudice one of the parties, and *objection is made,* the judge cannot act.

But in the absence of *all objection* the judge may act in all such instances, and in all other mere matters of course, which decide no question of right, but simply assist both parties to the trial of the case.

In interpreting the constitution the first thing to be attained is the purpose of its framers, and where this has not been clearly expressed, the necessity and nature of the thing provided for or against must be regarded.

The sole object of the 22nd sec., art. 4, of the constitution, is the impartial administration of justice; the thing to be secured is fairness and impartiality, that to be guarded against, bias and prejudice.

APPEAL from the Circuit Court for Carroll county.

*Trespass q. c. f.,* by the appellant against the appellee. Plea, *non cul.* and defence on warrant.

At the trial of this case, before THOMAS DONALDSON, ESQ., as special judge, four exceptions, raising the same question, were taken by the plaintiff to the rulings of the court, which, with all the facts of the case, are fully stated in the opinion of

this court. The verdict and judgment were in favor of the defendant, and the plaintiff appealed.

The cause was argued before .Le Grand, C. J., Eccleston and Mason, J.

*James Raymond* for the appellant, argued: That under the 22nd section of the 4th art. of the constitution, there was no court in existence for any purpose for this case after the county court was abolished, until the special judge qualified, and, of necessity, there could be no proceedings which that judge could recognise as proceedings in the case. This section declares, that " no judge *shall sit in any case*" wherein he may be interested or connected with either of the parties, within such degrees as may be prescribed by law. The acts of 1852, ch. 68, and 1853, chaps. 209 and 425, passed to carry into effect this provision of the constitution, use the same language, that no judge "shall *sit* in any case" in which he may be disqualified as provided in those acts. The people thought that by this provision in their organic law they had cut off the disqualified judge from *any participation* in the cause *whatever*. This, to my mind, is the clear meaning of this clause of the constitution, and if it be so, the judge of the circuit court had no authority to order or direct any of the proceedings in the case whatever, and hence the ruling of the special judge, in recognising the validity of such proceedings, was erroneous.

*Joseph M. Palmer* and *Wm. P. Maulsby* for the appellee, argued: That the decision of this court upon the several bills of exception in this case, must depend entirely upon the true construction and meaning of the 22nd sec. of the 4th art. of the constitution, and the act of 1852, ch. 68, passed to carry into effect this constitutional provision. Now we insist, that the authorising the clerk, by the circuit judge, to issue a warrant of resurvey, and granting leave to amend plats, certificates, pleadings, &c., *no objection* being made by the opposite party, is not "sitting *to try the cause*" within the meaning of the constitution and act of Assembly. All instruments, whether

constitutions, laws or contracts, are to be construed according to the true intent of *their makers*. The constitution in this particular clause provides nothing *new*. At common law no judge could sit in his *own case*. *" Sitting in a case"* means, sitting to try the case where the *rights* of the parties are to be *affected*, not the doing of mere *ministerial* acts necessary to place the cause in readiness for trial *on its merits*. If the argument on the other side be correct, a special judge must be appointed in every such case as soon as the writ is returned, and *every continuance*, the filing of *every plea*, the entry of *every motion*, the issuing of *every commission* to take testimony, and the passage of every mere *ministerial order*, as matter of course and *without dispute*, must be made and done by and before the special judge, for which he is to charge ten cents per mile for travelling expenses and $10 per day for his services. If suit be brought by any relation of the judge within the prohibited degrees, and there is *no dispute* in it, there must be a *special judge* to take the judgment. A construction involving such inconvenience, difficulties and expense, cannot be correct. Again, before the *announcement* of the disqualification is made by the judge there can be no appointment of a *special judge*. Whether or not he is related to the parties, or interested, or has been counsel in the cause, are matters left by the constitution and laws to be decided by the judge himself. We therefore insist, that the constitution and act in question only disqualify a circuit judge from sitting *to try cases* on the merits, where the rights of the parties are to be settled, and whenever the circuit judge in any case makes the announcement that he is disqualified from sitting to try the case, a special judge is to be appointed, and *not before*. The result of this interpretation is, that the acts of the circuit judge complained of in this case were legal acts and not void, and the judgment must be affirmed.

LE GRAND, C. J., delivered the opinion of this court.

Nimrod Buckingham, the plaintiff below, on the 3rd day of December 1849, instituted in Carroll *county court* an action of trespass *q. c. f.*, against the defendant, now appellee. The

defendant appeared in the court below, by his counsel, and pleaded not guilty, and took defence on warrant.   The case then was continued from term to term, until the first Monday of April 1852, at which term of the court the Hon. Madison Nelson presided as *circuit* judge, under the provisions of the present constitution; at which term of said court the defendant, by his counsel, moved the court that a warrant of resurvey issue in this case, the plaintiff having neglected to cause one to be issued, and a warrant of resurvey was issued accordingly. The sheriff and surveyor executed said warrant, and made return thereof to the circuit court, at the April term 1853, with plots, certificates and depositions.   The plaintiff in the court below then appeared, and prayed to amend the plots and certificates so returned, and to add thereto, if necessary, by the first Monday of the next September term, which prayer was granted by the court.   At this state of the case the *circuit* judge announced to the clerk, and parties, that he considered himself disqualified from sitting *to try the cause*, by reason of having been of counsel in the case; whereupon the clerk of the said court, on the 3rd day of June 1854, gave notice to the Hon. Nicholas Brewer, judge of the circuit court for the second judicial circuit of this State, that the Hon. Madison Nelson was disqualified from sitting to try said cause, and, on the 28th day of August 1854, the Hon. Judge Brewer, in due form of law, nominated and appointed Thomas Donaldson, Esq., a *special* judge to *try said case*, who accepted the appointment, and qualified according to law.   At April term 1855 of the said circuit court, the case came on for trial before the special judge, and the verdict of the jury was for the defendant.   At the trial, the plaintiff, by his counsel, moved the court to strike out of the record, and consider as a nullity, all proceedings in the case which had been had in the case since the April term of 1852, inclusive of that term and previous to the September term 1854, upon the ground that such proceedings were a *nullity*, for want of jurisdiction in the court, under the clause of the constitution, which provides, that a judge of the circuit shall not sit in a cause in which he had acted as counsel.   The court refused the motion and the plain-

tiff excepted. This constituted the first bill of exceptions of the plaintiff. He took three others, but they embrace precisely the same question, and nothing more, than that contained in the first.

The only question involved in the case grows out of the interpretation which the 22nd section of the 4th article of the constitution ought to receive. It provides that:

"No judge shall *sit* in any case wherein he may be interested, or where either of the parties may be connected with him by affinity, or consanguinity, within such degrees as may be prescribed by law, *or where he shall have been of counsel in the case;* and whenever any of the judges of the circuit courts, or of the courts of Baltimore city, shall be thus disqualified, or whenever, by reason of sickness, or any other cause, the said judges, or any of them, may be unable to sit in any cause, the parties may, by consent, appoint a proper person *to try the said cause,* or the judges, or any of them, shall do so when directed by law."

It will be observed, that the first part of the section forbids a judge included in the specified category from *sitting* in the case, whilst the latter part only provides for the appointment of another judge *"to try the said cause."* These expressions, to be found in the same section, are not of the same signification, one being much more comprehensive in its interdiction than the other. To reconcile the whole section with all its parts, the two members of it to which we refer must be construed together.

In interpreting the constitution the first thing to be got at is, what was the purpose of its framers? Where this has not been clearly expressed, we must look to the necessity and nature of the thing provided for, or against, as the case may be. With this guide we can experience but slight, if any difficulty, in ascertaining the meaning of the language used in the section quoted.

Its primary, indeed its sole object, was to secure the impartial administration of justice, and, hence, it was held, that one who had been of counsel for either of the parties might be prejudiced in favor of his former client, and therefore, and for that reason, not above suspicion.

Buckingham *vs.* Davis.

The thing to be secured was fairness and impartiality; that to be guarded against, bias and prejudice. We take it, that whatever interpretation of the section in question will best fulfil these purposes, is the correct one. And this being so, we are of the opinion, that the true meaning of the section is, that a judge who has been of counsel for either of the parties shall be, and is, by it, *absolutely* and *unconditionally*, prohibited from *trying* the cause; but not *necessarily* from authorising mere matters of *form*, tending only to the preparation of the cause for trial, such as the issue of commissions and the like. We say, *not necessarily*, meaning thereby, that the circumstances of each particular case must determine whether, or not, the judge should act in any manner or degree. A continuance of a cause, for example, may work prejudice to one of the parties, so the filing of a plea, the refusal to receive one, or an amendment, may work mischief and jeopard the interests of the litigants. In all such and similar instances, *if objected to*, the judge ought to abstain from a decision and leave it to the special judge to be appointed. But surely it never could have been intended by the framers of the constitution, that the regular judge should be prohibited, *in the absence of all objection*, from expediting the progress of the case by a mere acquiescence in mere matters of course. In such a state of things he cannot be said, properly speaking, *"to try the cause."* He decides no question compromiting the rights of either party; he merely assists both on their way to trial. If the view of the counsel for the appellant is to be taken as the inexorable rule under all circumstances, then the constitution, in most cases, would work an absolute denial of justice; or if not productive of such calamitous consequences, it would, inevitably, devolve upon the State treasury a burden intolerable. Such an interpretation would require a special judge to be in attendance at the filing of every plea, at every continuance, the filing of every motion, and at every preliminary step in the progress of the cause. We cannot bring ourselves to believe this to be the true interpretation of the constitution. In the rule which we have laid down, we think the design and purpose of the constitutional provision is prop-

42      v.9

erly defined, and therefore concur with the ruling of the special judge in this case.

*Judgment affirmed.*