## Eliza McFarlane v. Lorenzo E. Clark.

*Interest of probate judge when named as legatee.*

The fact that the probate judge is named as legatee in an instrument purporting to be a will does not vitiate any orders of hearing and of notice made by him preparatory to proving it before the circuit judge. He is not actually a legatee until the validity of the will is determined, and his interest in the will is no objection to his making formal orders that put the case on the road to a determination.

Error to Wayne. Submitted June 7. Decided June 11.

EJECTMENT by Eliza McFarlane for premises to which she claimed title, but which had been bequeathed to Clark by George Hebden. The court below found against the plaintiff, and she brings error relying upon alleged jurisdictional defects in probating the will.

*Henry M. Duffield* for plaintiff in error. When a probate judge is made a legatee he cannot exercise the duties of his office in relation to the estate, *Coffin v. Cottle,* 9 Pick., 287; *Sigourney v. Sibley,* 21 Pick., 101: 22 Pick., 507; *Northampton v. Smith,* 11 Metc., 395; *Cottle's Case,* 5 Pick., 483; *Gay v. Minot,* 3 Cush., 352; *Bacon, appellant,* 7 Gray, 391; *Hawley v. Baldwin,* 19 Conn., 585; *Nettleton's Appeal,* 28 Conn., 268; *Cabot Bank Appeal,* 26 Conn., 7; *Wilson v. Wilson,* 36 Ala., 655; *Claunch v. Castleberry,* 23 Ala., 85; *Heydenfeldt v. Towns,* 27 Ala., 423; the record of probate proceedings must show jurisdiction, *Potwine's Appeal,* 31 Conn., 381; it is not presumed that all things have been properly done, until the jurisdiction is established, *Jenks v. Howland,* 3 Gray, 538.

*Ashley Pond* for defendant in error. An order for the hearing of a will may be made by a register in probate and is not a judicial act, Comp. L., § 5246.

COOLEY, J. But one question is presented by this record, and that is, whether the probate and allowance of the will of George Hebden by the probate court of Wayne county, was valid.

By the will of Mr. Hebden the judge of probate of Wayne county was made a legatee. The will was presented in said probate court for allowance April 7, 1871, and the judge of probate made an order that May 2, 1871, be assigned for a hearing thereon, and that notice thereof be given by publication in one of the Detroit daily papers—which was named—for three successive weeks previous to said day of hearing. On the day last named the circuit judge of the judicial circuit embracing Wayne county appeared in said probate court, and the hearing was had before him and the will admitted to probate. This statement sufficiently presents the facts.

The order for hearing which was made by the judge of probate was the usual order which the statute requires to be made in such cases. Comp. L., § 4338. The statute under which the circuit judge assumed jurisdiction is embraced in compiler's sections 5208 and 5209 of the Compiled Laws, the first of which provides that when the judge of probate is heir or legatee, he shall be deemed incapacitated for executing the duties of his office "in relation to that estate;" and the second provides that when he is interested in any question to be decided by the court, he shall be deemed incapacitated for acting in the decision of that question. And in either case the judge of the circuit court for the county shall perform the duties of the judge of probate.

The question of jurisdiction which is made by the plaintiff in error depends upon the authority of the judge of probate to make as he did the order for hearing. It is insisted that that order was void, and therefore that the proceedings of the circuit judge must fall to the ground.

The proceedings in our opinion are not defective. The judge of probate was not a legatee at the time he made the order for hearing; he was only named legatee in an instrument purporting to be a will, but the validity of which was yet to be determined. It might turn out that it was no will at all, and thus he would never become legatee. His being named legatee in the instrument did not, therefore, disqualify him from acting in relation to that estate.

Neither, when the order for notice was made by him was there any question to be decided by the judge in which he was interested. A question implies something in controversy, or which may be the subject of controversy; but this order was the determination of no question; it was only preliminary to the making of questions. It was in no proper sense judicial action at all; any more than it is when the sheriff fixes the time for an execution sale and the paper in which he will publish his notice, or when the mortgagee does the same thing in proceeding to the foreclosure of his mortgage under the power of sale. The statute itself determined the requisites of the order, and the making it was a formality, rather than the decision of a question.

The fact that the judge is interested is no objection to his making formal orders that put the case on the road to a determination: *Richardson v. Boston,* 1 Curtis C. C., 251; *Washington Ins. Co. v. Price,* Hopk. Ch., 2; *Buckingham v. Davis,* 9 Md., 324; *Heydenfeldt v. Towns* 27 Ala., 423. We think the order in question is to be considered such an order.

The judgment must be affirmed with costs.

The other Justices concurred.