## MILTON JUDD *vs.* ALBERT TRYON.

Berkshire.    September 13. — 22, 1881.    LORD & DEVENS, JJ., absent.

A certificate of the entry of a mortgagee, for the purpose of foreclosure, under the Gen. Sts. c. 140, §§ 1, 2, sworn to before himself as a justice of the peace, is invalid.

GRAY, C. J.    This is an action of forcible entry and detainer, under the St. of 1879, *c.* 237, in order to maintain which the plaintiff must prove that the mortgage from the defendant to him of the lands in question has been foreclosed.

At the trial before the Chief Justice of the Superior Court, the plaintiff, in proof of his entry to foreclose his mortgage, relied on a certificate of two witnesses, sworn to before himself as a justice of the peace, to his open, peaceable and unopposed

entry on the land in their presence and for the purpose of fore-closure, and recorded in the registry of deeds within thirty days after such entry, and more than three years before the bringing of this action. The defendant objected that this certificate, sworn to before the mortgagee himself, was not valid or sufficient in law. But the judge ruled otherwise; and a verdict having been returned for the plaintiff, one question presented by the bill of exceptions is whether this ruling was correct.

The learned counsel for the plaintiff, admitting that no man can be a judge in his own cause, contend that the administering of the oath was a ministerial and not a judicial function, and that personal interest in the result does not disable a magistrate to do a ministerial act.

It may be that the administering of this oath was not such a judicial act that the authority of the magistrate, in the absence of any express provision of statute, would be limited to the county for which he was commissioned. *Helier* v. *Benhurst*, Cro. Car. 211; *S. C. W.* Jon. 239. 2 Hale P. C. 50, 51. *Kerr* v. *Ailsa*, 1 Macq. 736. *Lee* v. *Wells*, 15 Gray, 459. *Learned* v. *Riley*, 14 Allen, 109. But that is not the question before us.

By the statutes of the Commonwealth, after breach of condition of a mortgage, an open and peaceable entry by the mortgagee on the land, not opposed by the mortgagor, if proved by a memorandum or certificate signed by the mortgagor on the mortgage deed, or by a certificate of two competent witnesses, sworn to by them before a justice of the peace, such certificate or such "deposition" being recorded in the registry of deeds within thirty days after the entry, has the same effect as judgment for possession of the land in an action by the mortgagee against the mortgagor; and if the possession obtained in either mode is continued peaceably for three years, the right of redemption is foreclosed, without further suit or act of the mortgagee. Gen. Sts. *c.* 140, §§ 1, 2. *Swift* v. *Mendell*, 8 Cush. 357. *Bennett* v. *Conant*, 10 Cush. 163. *Lennon* v. *Porter*, 5 Gray, 318. *Ellis* v. *Drake*, 8 Allen, 161.

In the ordinary case of a deposition taken before a justice of the peace after notice to the adverse party, not only the justice, but any person employed by him to write down the deposition, must be a disinterested person. Gen. Sts. *c.* 131, § 25.

The certificate and deposition of two witnesses to an entry for foreclosure is in effect a deposition *in perpetuam*, taken *ex parte*, which conclusively and finally establishes, as between the mortgagee and the mortgagor, the facts therein stated. It is as contrary to elementary principles of justice to allow a magistrate to administer the requisite oath to such a certificate of his own entry under a mortgage to himself, as to permit him to take in his official capacity a deposition in a suit to which he is a party, or an acknowledgment of a deed to himself, or a recognizance for a debt due to him personally. *Bacon's case*, Dyer, 220 *b*. Co. Lit. 141 *a*. 2 Rol. Ab. 92, 93. Bac. Ab. Execution B. 1. *Commonwealth* v. *McLane*, 4 Gray, 427. *Clark* v. *Lamb*, 2 Allen, 396. Whether by law or usage the oath to such a certificate may be taken before a justice of the peace who is attorney of the mortgagee may involve different considerations, and is a question not now before us, and upon which we express no opinion.

There is nothing in the cases on which the plaintiff relies to lead us to a different conclusion. Each of them turned upon the construction of a particular statute.

In *Richardson* v. *Boston*, 1 Curtis, 250, the order for the removal to an adjoining circuit of a case which the judges of the court in which it was brought were, by reason of interest or from having been counsel therein, incompetent to try, was made under the express direction of an act of Congress.

The decision in *Knowles's case*, 8 Greenl. 71, was that, under a statute which authorized questions of settlement of paupers between two towns within the State to be heard and determined, on complaint of overseers of the poor, by "any justice of the peace in their county, not an inhabitant of their town," but warrants for the removal of paupers out of the State to be issued without any hearing or determination by "any justice of the peace in his county," without further limitation, such warrants might be issued by a justice who was an inhabitant of the town in which the paupers resided.

In *Cutler* v. *Maker*, 41 Maine, 594, under a statute conferring general authority upon justices of the peace to take depositions, except in cases in which they were or had been counsel or attorney, and conferring general authority upon justices of the

peace to issue notices to the adverse party, without any such exception, it was held that a justice of the peace who was attorney of a party might issue such a notice returnable before another magistrate, the court appearing to consider such a notice as resembling an ordinary summons to a witness, which is often issued by a justice of the peace who is of counsel in the case.

In *McFarlane* v. *Clark*, 39 Mich. 44, the only point adjudged was that a judge of probate, who was incompetent to try the validity of a particular will by reason of his being a legatee named therein, might issue the preliminary order of notice of the probate thereof. Whether that decision can be reconciled with the judgment of this court in the case of *Tolland* v. *County Commissioners*, 13 Gray, 12, we are not now required to decide.

*Exceptions sustained.*

*J. Branning & H. C. Dunham*, for the defendant.
*J. Dewey*, (*H. C. Joyner* with him,) for the plaintiff.