## WILLIAM MURPHY *vs.* JAMES MURPHY.

Worcester.    October 6. — 21, 1887.    C. ALLEN & KNOWLTON, JJ., absent.

Under the Pub. Sts. c. 18, § 1, and c. 181, § 2, the certificate of an entry made for the breach of a condition of a mortgage may be sworn to before a notary public.

WRIT OF ENTRY to recover a certain tract of land in Holden. Plea, *nul disseisin.* Trial in the Superior Court, before *Staples,* J., who allowed a bill of exceptions, in substance as follows :

It appeared that the demanded premises were conveyed to the demandant by a mortgage deed dated April 18, 1866, and recorded within a few days after its date.

The demandant put his mortgage in evidence ; and the breach of a condition thereof at the time of the entry hereinafter referred to was admitted. It appeared that the demandant, on June 27, 1882, made an open and peaceable entry on the premises for breach of a condition of said mortgage, not being opposed by the mortgagor, the tenant, or other person claiming the same ; and that such possession had continued peaceably for three years before the beginning of this action. The demandant put in evidence a certificate of two competent witnesses to prove said entry, made and sworn to before a notary public for the county of Worcester ; and it appeared that said certificate was, within thirty days after the entry, duly recorded, under the Pub. Sts. c. 181, § 2.

The tenant asked the judge to rule, that said certificate was insufficient in law, in that the same was not sworn to before a justice of the peace. The judge refused so to rule, and ruled that the certificate was sufficient.

The jury returned a verdict for the demandant; and the tenant alleged exceptions.

*L. F. O' Connell,* for the tenant.

*F. P. Goulding,* for the demandant.

FIELD, J. The single exception of the tenant is, that the certificate of the entry made for the breach of a condition of the mortgage was not sworn to before a justice of the peace, but was sworn to before a notary public. Pub. Sts. *c.* 181, § 2. Gen. Sts. *c.* 140, § 2. Rev. Sts. *c.* 107, § 2. Sts. 1785, *c.* 22, § 2; 1798, *c.* 77, § 1.

The provision requiring a certificate of the entry to be made and recorded, and, if not made by the mortgagor or the person claiming under him, to be made by two competent witnesses and sworn to before a justice of the peace, was first enacted in the Revised Statutes. See Amendments to the Report of the Commissioners on the Revised Statutes adopted by the Committee, 134.

In the Rev. Sts. *c.* 85, § 36, it was enacted that " every justice of the peace may administer oaths, in all cases in which an oath is or shall be required, unless a different provision shall be expressly made by law." Of this section the Commissioners on the Revised Statutes say : " This section will probably add little or nothing to the authority of justices of the peace ; but it may save trouble in future legislation, by preventing repetition in the numerous acts in which an oath is required to be taken." Com. Rep. on the Rev. Sts. *c.* 85, § 35, note. See Gen. Sts. *c.* 120, § 49 ; St. 1870, *c.* 120 ; Pub. Sts. *c.* 155, § 2.

By the Pub. Sts. *c.* 18, § 1, " Notaries public shall have the same authority to administer oaths as justices of the peace." Gen. Sts. *c.* 14, § 34. This was first enacted by the St. of 1851, *c.* 29.

Before the Revised Statutes, it was customary in enacting statutes, when an oath was required, to designate in the statute the person, magistrate or magistrates, before whom the oath must be taken, although this was sometimes left to be determined by the context. After the Revised Statutes, unless a different provision was expressly made by law, a justice of the peace might administer any oath required to be taken, and the statutes requiring an oath were often silent in regard to the person or magistrate before whom it should be taken.

In administering an oath to the witnesses who have made a certificate of entry upon land for breach of the condition of a mortgage, there is nothing in the nature of a judicial proceeding. A justice of the peace was the person designated to administer the oath, because he was the magistrate usually designated to administer oaths in proceedings not judicial, and of which no record other than the jurat of the magistrate was required. The purpose of the statute was to require the certificate to be verified by an oath in such a manner that the witnesses could be convicted of perjury if it were false. The phraseology of the Revised Statutes has been retained in the General Statutes and in the Public Statutes, because no substantial change of the law was intended, and probably without any reference to the authority given to notaries public to administer oaths. As it is now the intention of the statutes that notaries public shall have the same authority to administer oaths as justices of the peace have, we are of opinion that a notary public had authority to administer the oath in this case; and that, taking all the statutory provisions together, the Pub. Sts. c. 181, § 2, must be construed to mean that the certificate must be sworn to before a person having the authority of a justice of the peace to administer an oath. *Exceptions overruled.*