In the Matter of the Estate of Fred H. Leonard, an Alleged Mentally Incompetent Person.

*Probate courts—Disability of judge—Jurisdiction—Appeal—Trial de novo—Mentally incompetent person.*

1. The action of a probate judge in issuing a citation to an alleged mentally incompetent person, upon a petition alleging such incompetency and praying for the appointment of a guardian of his person and estate, does not involve the exercise of judicial discretion; citing *McFarlane v. Clark,* 39 Mich. 44.

2. The fact that the petition prays for the appointment as such guardian of a corporation, in which the probate judge is a stockholder, will not disqualify him from issuing said citation.

3. An appeal from an order of the probate court adjudging a person mentally incompetent, and appointing a guardian of his person and estate, invests the circuit court with power to act upon the original petition, unless it appears that the probate court failed to acquire jurisdiction of the proceeding; citing How. Stat. §§ 6783, 6789; *Daly's Appeal,* 47 Mich. 443; *Goss v. Stone,* 63 Id. 319.

4. Where an appeal is taken from an order of the probate court adjudging the appellant incompetent, and appointing a guardian of his person and estate, the case stands for trial upon the original petition, and if the probate court acquired jurisdiction by citation, service, and appearance, it is immaterial, so far as the retrial on the appeal is concerned, what errors were committed upon the hearing in the probate court, or whether or

not the probate judge, who heard the case, was disqualified to hear it, and make the order appealed from.

5. The word "incompetent," as used in How. Stat. § 6314, which provides for notice to a supposed incompetent person of the time and place of hearing an application for the appointment of a guardian for him, is synonymous with the word "incapable," as used in How. Stat. § 6315, which provides for the appointment of a guardian if, on the hearing, it shall appear that the person is incapable of taking care of himself and managing his property.

*Certiorari* to Kent. (Adsit, J.) Argued February 7, 1893. Decided April 14, 1893.

*Certiorari* to review proceedings resulting in adjudging Fred H. Leonard a mentally incompetent person, and in the appointment of a guardian of his person and estate. Judgment affirmed. The facts are stated in the opinion.

*Nathan P. Allen* (*W. W. Mitchel,* of counsel), for respondent, and petitioner in *certiorari,* contended:

1. The proceedings in the probate court subsequent to the filing of the petition were absolutely null and void, and would be so held if attacked collaterally, for the following reasons:·

   *a*—The petition, upon its face, informed the judge of probate that he was required to determine whether the corporation of which he was a stockholder was a fit and proper person to be appointed guardian of the person and property of Fred H. Leonard, and, instead of calling in one of the circuit judges ·of Kent county to act in the case, which was all he could legally do, he examined and passed upon the sufficiency of the petition, and issued a citation to the alleged incompetent person to appear and show cause why the prayer of the petition should not be granted; citing How. Stat. §§ 6772, 7245; *Dimes v. Canal*, 3 H. L. 759; *Gregory v. Railroad Co.*, 4 Ohio St. 675; *Trustees v. Bailey*, 10 Fla. 230; *Baldwin v. McArthur*, 17 Barb. 414; Cooley, Const. Lim. 410; *Railway Co. v. Howard*, 20 Mich. 18; *Horton v. Howard*, 79 Id. 644; *Hall v. Thayer*, 105 Mass. 219; *In re Estate of White*, 37 Cal. 192.

   *b*—The citation was served by the petitioner, a brother of the alleged incompetent person, instead of a sheriff, deputy-sheriff, coroner, or constable; citing How. Stat. § 6764; *Knott v. Jarboe*, 1 Metc. (Ky.) 504; *Rowley v. Howard*, 23 Cal. 401;

*Bush v. Meacham*, 53 Mich. 574; *Insurance Co. v. Page*, 61 Id. 72; *Rasch v. Moore*, 57 Id. 54; *Gadsby v. Stimer*, 79 Id. 260; *King v. Bates*, 80 Id. 367.

c—The citation was not sufficient in form or substance to require Fred H. Leonard to appear in obedience to its command, in that it simply set forth, as the prayer of the petition, " that the Michigan Trust Company may be appointed guardian of the person and estate of said Fred H. Leonard, as a mentally incompetent person," and did not inform him that the question of his incompetency was to be adjudicated or passed upon, or that he was required to show cause why such determination and adjudication should not be had; citing 1 Black, Judg. § 223; *North v. Joslin*, 59 Mich. 625; *Appeal of Royston*, 53 Wis. 612.

d—The citation was not served upon Frank E. Leonard, the brother and next of kin of Fred H. Leonard, as directed and required therein; citing *In re Bassett*, 68 Mich. 348; *In re Myers*, 73 Id. 401; *Munger v. Probate Judge*, 86 Id. 363.

**2.** The circuit court has no original jurisdiction in this class of cases, and if the probate court failed to acquire jurisdiction the circuit court has none on appeal; citing 1 Amer. & Eng. Enc. Law, 623; *Osgood v. Thurston*, 23 Pick. 110; *Moore v. Hillebrant*, 14 Tex. 312; *Mordecai v. Lindsay*, 19 How. 199; *Fowler v. Hyland*, 48 Mich. 179; *Cross v. Eaton*, Id. 184; *Bush v. Meacham*, 53 Id. 574; *People v. Belcher*, 58 Id. 325; *Appeal of Royston*, 53 Wis. 617, and cases cited.

*Morse, McGarry & McKnight*, for respondent, and petitioner in *certiorari*, contended:

**1.** In support of the contention that the probate judge acquired no jurisdiction of the proceedings because a stockholder in the corporation proposed as guardian, counsel cited, in addition to the authorities above cited, *Stockwell v. Board*, 22 Mich. 341; *Shannon v. Smith*, 31 Id. 451; *West v. Wheeler*, 49 Id. 505; Cooley, Const. Lim. 410-413; *Insurance Co. v. Price*, Hopk. Ch. 1; *Pearce v. Atwood*, 13 Mass. 340; *Peck v. Essex*, 20 N. J. Law, 457; *Com. v. McLane*, 4 Gray, 427; *In re Bacon*, 7 Id. 391; *Dively v. Cedar Falls*, 21 Iowa, 565; *Petition of New Boston*, 49 N. H. 328; *Place v. Manufacturing Co.*, 28 Barb. 503; *In re Manufacturing Co.*, 77 N. Y. 101; *Gay v. Minot*, 3 Cush. 352; *In re Cottle*, 5 Pick. 483; *Coffin v. Cottle*, 9 Id. 287; Freem. Judg. § 144; Black. Judg. § 174; and the objection is not waived by neglect to take advantage of it at the first opportunity, but may be raised for the first time in the appellate court; citing *Richardson v. Welcome*, 6 Cush. 331; *Dimes v. Canal*, 3 H. L. 787; *Sigourney v. Sibley*, 21 Pick. 106.

2. The motion to quash the proceedings was based upon the want of jurisdiction of the probate court to make the order, or the circuit court to proceed with the trial, and should have been granted, as a want of jurisdiction can be taken advantage of at any time; citing 12 Amer. & Eng. Enc. Law, 306 (note 5); and the want of jurisdiction in the trial court may be inquired into in the appellate court, and it was the duty of the circuit court to inquire into the jurisdiction of the probate court, and also into its own jurisdiction; citing 12 Amer. & Eng. Enc. Law, 307 (notes 1, 3, 4); and a motion to dismiss the proceedings for want of jurisdiction is proper at any time, and may be made in the appellate court for want of jurisdiction in the lower court; citing 12 Amer. & Eng. Enc. Law, 309 (notes 1, 2).

3. There is no respectable authority with which we are acquainted which holds that where the court below has no jurisdiction the appellate court acquires jurisdiction by the appeal, while there are many well-considered cases holding the opposite doctrine; citing *Wells v. Scott*, 4 Mich. 347; *People v. Belcher*, 58 Id. 325; *In re Bassett*, 68 Id. 348; *Osgood v. Thurston*, 23 Pick. 110; *Mordecai v. Lindsay*, 19 How. 199; *Collins v. Woodruff*, 9 Ark. 463; *Camp v. Wood*, 10 Watts, 118; *Nichol v. Patterson*, 4 Ohio, 200; *Stephens v. Boswell*, 2 J. J. Marsh. 29.

*Fletcher & Wanty (M. J. Smiley,* of counsel), for petitioner, and respondent in *certiorari,* contended:

1. That the probate court had jurisdiction of the subject-matter, and could have appointed any suitable person guardian under How. Stat. §§ 6314, 6315, seems to us clear; and, if some suitable person other than the Michigan Trust Company had been appointed, all questions of jurisdiction of the probate court and of the circuit court would have been obviated. The probate court having acquired jurisdiction of the subject-matter, and the plaintiff in *certiorari* having taken an appeal to the circuit court from the order of the probate court, the circuit court acquired jurisdiction of the cause, and was required to try the issue, and, in the words of How. Stat. § 6789, to "reverse or affirm, in whole or in part, the sentence or act appealed from, and make such order or decree thereon as the judge of probate court ought to have made;" citing *Brown v. Forsche*, 43 Mich. 501; *Daly's Appeal*, 47 Id. 443; *Goss v. Stone*, 63 Id. 319; *Com. v. Dunham*, 22 Pick. 12; *Wells v. Stevens*, 2 Gray, 118; *Campbell v. Howard*, 5 Mass. 376; *Buckminster v. Perry*, 4 Id. 593; *Sever v. Sever*, 8 Id. 132; *Washburn v. Washburn*, 10 Pick. 375; *Com. v. McCormack*, 7 Allen, 532; *Com. v. Calhane*, 108 Mass. 431; *Com. v. Sheehan*, Id. 432; *Com. v. Fredericks*, 119 Id. 205; *Com. v. Harvey*, 111

Id. 420; *Com. v. O'Neil*, 6 Gray, 343; *Com. v. Tinkham*, 14 Id. 13; *Cothren's Appeal*, 59 Conn. 545; *McOmber v. Balow*, 40 Minn. 388; *Welter v. Nokken*, 38 Id. 376; *State v. Arthur*, 32 Mo. App. 24; *Hilliard v. Hilliard*, 52 Ark. 283; *State v. Coulter*, 40 Kan. 87; *Brewer v. Murray*, 7 Blackf. 567; *Wallace v. Brown*, 25 N. H. 220, 221; *Petty v. Durall*, 4 G. Greene, 120; *State v. Brewer*, 64 Ind. 131; *Campbell v. Chandler*, 37 Tex. 32; *Robins v. Martin*, 44 N. J. Law, 368; *Martin v. Thompson*, 10 Id. 142; *York v. Orton*, 65 Wis. 6; *Logue v. Clark*, 62 N. H. 184.

2. The objection that the citation was not properly served upon Fred H. Leonard was not made a ground for allowing the writ, and ought not to be considered; citing *People v. Hobson*, 48 Mich. 27.

McGRATH, J. This case comes here by *certiorari* directed to the circuit court for the county of Kent.

Fred H. Leonard was by the probate court of said county, upon the petition of his brother, under section 6314, How. Stat., adjudged mentally incompetent to have the charge and management of himself and his property, and the Michigan Trust Company, a corporation, was appointed general guardian of his person and estate. From this adjudication and appointment, Fred H. Leonard appealed to the circuit court. Some time after the appeal was perfected, and before the trial in the circuit court, appellant ascertained that at the time of the filing of the petition in the probate court, and at the time of the adjudication of incompetency and the appointment of the guardian, the probate judge was a stockholder in the said Michigan Trust Company, whereupon appellant moved the circuit court for an order "reversing, vacating, and dismissing the order of the probate court made on the 9th day of March, 1892, and now pending in this court on appeal, because said order or decree of said probate court is absolutely null and void." The circuit judge denied the motion, and a trial was thereupon had. The jury found that Fred H. Leonard was upon March 9, 1892, and is now, "mentally incapable of

taking care of himself, and managing his property." Afterwards, on motion of petitioner, judgment was entered upon the verdict, and the circuit judge appointed Lewis H. Withey as guardian of the person and estate of the incompetent.

It is insisted that by reason of the disqualification of the judge of probate the court had no authority to issue the citation, and consequently the entire proceedings were null and void.

The statute provides that upon presentation of the petition the citation shall issue. It was therefore a mere formal order, and did not involve the exercise of judicial discretion. The question is ruled by *McFarlane v. Clark*, 39 Mich. 44. In that case the probate judge, who was a legatee in the will presented for probate, made an order assigning a day for the hearing, and providing for notice by publication; and it was expressly held that the fact that the probate judge was named as legatee in the instrument did not disqualify him, and was no objection to his making formal orders that put the case on the road to a determination. The rule was followed in *Gratoph v. Circuit Judge*,[1] decided October 26, 1892, but not reported.

How. Stat. §§ 6783, 6789, provide:

"Such court shall proceed to the trial and determination of the question according to the rules of law; and, if there shall be any question of fact to be decided, issue may be joined thereon, under the direction of the court, and a trial thereof had by jury."

---

[1] In this case the respondent, who had been requested to act by the probate judge, refused to proceed with the hearing of an application by a county drain commissioner for the appointment of three special commissioners to determine the necessity for a certain drain, upon the ground that the probate judge, who had entered the order for hearing and issued citations, was disqualified to act by reason of relationship to one of the petitioners for the drain, and by the fact that he was a member of the common council of a municipality through which the proposed drain was to run, and a *mandamus* issued to compel such action.

" The circuit court may reverse or affirm, in whole or in part, the sentence or act appealed from, and may make such order or decree thereon as the judge of probate court ought to have made, and may remit the case to the probate court for further proceedings, or may take any other order therein as law and justice may require."

In *Daly's Appeal*, 47 Mich. 443, the appeal was from an order of the probate court denying the right of an administrator to sell real estate. The case involved questions of fact, which in the circuit court were tried before a jury, who found the fact in favor of the appellant, the administrator. The circuit court thereupon entered an order decreeing the reversal of the order of the probate court, and subjoined a direction to the probate court to proceed to grant the petition for leave to sell the real estate. On *certiorari* to this Court it was held that the judgment was not in accordance with the statute, and that the circuit court should not only have reversed the decision of the probate court, but should have definitely adjudged and awarded the very thing which the probate court ought to have adjudged and decreed; citing section 6789.

In *Goss v. Stone*, 63 Mich. 319, on appeal, the circuit judge found that the appointment of a guardian was an improper one, and appointed a different person, and the judgment of the circuit court was affirmed.

The appeal in the present case was not alone from the appointment of the guardian, but from the adjudication of incompetency as well. Upon the appeal the case stood upon the original petition. The issue to be tried was that raised by that petition. It was a retrial, and so long as the probate court acquired jurisdiction by citation, service, and appearance, it was immaterial what errors had been committed upon the subsequent hearing in that court, or whether or not the incumbent of the office of judge of probate, who heard the case, was disqualified to hear it, and make the order appealed from. The motion made in

the circuit court was to reverse the proceedings in the probate court *in toto.* The circuit court had no power to do so unless it appeared that the probate court had not acquired jurisdiction. The appeal invested the circuit with power to act in the premises upon the original petition. The appeal was not abandoned, nor was any attempt made to withdraw or dismiss it. *In re Estate of Brown,* 45 Mich. 326, on appeal to the circuit, it being made to appear that there was a fatal defect in the original petition, the court refused to try the questions raised by it, and quashed the proceedings, and this Court affirmed the judgment.

In *North v. Joslin,* 59 Mich. 624, there was no proper service; and in *Re Storick,* 64 Mich. 685, the proceedings were quashed because of defects in the petition.

In *Re Bassett,* 68 Mich. 348, the case came up to this Court on *certiorari* to the probate court, and the order of that court was set aside. There the case came up for review, merely, but here the case was before the circuit court for the trial of an issue of fact. There, even though the jurisdiction had been established, this Court could not do more than reverse or affirm, while here the circuit court could not do less than retry the very questions in the course of the determination of which the error is alleged to have been committed.

The jury found Fred H. Leonard "mentally incapable," and it is contended that such is not a finding of mental incompetency, within the meaning of How. Stat. § 6314. The word "incompetent" is used in section 6314, and the word "incapable" in section 6315. Clearly the Legislature regarded them as synonymous terms.

The other allegations of error relate to the instructions to the jury and the requests to charge. Respondent presented 40 requests, 38 of which were given as presented. Two were refused, but were substantially covered by the instructions given.

We find no error in the record, and the judgment is affirmed, with costs payable from the estate. It will be certified accordingly.

The other Justices concurred.