# KATIE M. MASON, PETITIONER.

Norfolk, July, 1905.

*Magistrate — Disinterested Party — Mortgage — Attorney to Foreclose May Take Oath of Witnesses to Entry.*

Title in this case rests on a foreclosure of mortgage by entry, made in 1901 by an agent of the mortgagee acting under a power of attorney therefor. The certificate of entry recorded in the registry of deeds under the provisions of Public Statutes Chap. 181, Sec. 2, was sworn to by the witnesses before the same person acting as a magistrate who had just previously made the entry in question as attorney for the mortgagee.

That such a certificate cannot be sworn to before the mortgagee himself is well established. Judd *v.* Tryon, 131 Mass. 345. It is contended by the petitioner, however, that the present case does not come within the principle of Judd *v.* Tryon. That case is based squarely upon the obvious injustice of permitting a magistrate to act in a matter in which he himself is the party directly in interest. There is no objection in this state to permitting an attorney to act as magistrate for the purpose of taking either an acknowledgement or a jurat in the course of proceedings which he is conducting for a client. On the contrary the advisability of this is well recognized. McDonald *v.* Willis, 143 Mass. 452. In cases like McDonald *v.* Willis, however, the magistrate certifies to the action of a person other than himself, and as to such matters he is not disqualified as being a party in interest simply by reason of his employment as counsel in the cause. A suggestion is made by the Examiner in this

case that the proper line of distinction to be drawn is at matters in which the attorney personally takes part, but it seems to us that the true criterion is rather that of interest.

In the present case the counsel for the mortgagee had a written power of attorney to make the entry. He acted under the power and the entry was made. Prior to the Revised Statutes nothing further was necessary. Prior to 1875 the presence of witnesses was not necessary. Under the present statute an entry is invalid unless a certificate under oath of two competent witnesses is made and recorded in the registry of deeds within thirty days after the entry. In taking such oath the attorney is no more a party in interest in the matter than is an attorney in any other case in which he takes a jurat. Usually an oath thus taken is the oath of the magistrate's own client, in the present case the oath is that of two disinterested witnesses. Moreover " in administering an oath to the witnesses who have made a certificate of entry upon land for breach of the condition of a mortgage, there is nothing in the nature of a judicial proceeding." Murphy v. Murphy, 145 Mass. 224.

While I find no decision covering this particular situation, I am satisfied on the whole that the entry was good, the oath properly administered, and the foreclosure valid. The owners of the alleged equity of redemption have been cited, and have had actual notice of these proceedings. There must be a decree for the petitioner.

                                        So ordered.