FITCHBURG CO-OPERATIVE BANK *vs.* JOSEPH NORMANDIN
& another.

Worcester.   September 28, 1920. — October 13, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Mortgage*, Of real estate: foreclosure.   *Bills and Notes*, Payment.

Where, after an entry under R. L. c. 187, § 1, to foreclose a mortgage of real estate, no memorandum was made upon the mortgage deed and the certificate, required by § 2 of the statute to be recorded within thirty days after

the entry, was not recorded until thirty-two days after the entry, the foreclos-
ure was ineffectual.

If, after a mortgagee of real estate, upon breach of the mortgage conditions, had
made an entry for the purpose of foreclosure under R. L. c. 187, § 1, he did
not make the memorandum required by § 2 of the statute, and did not record
the certificate therein described until thirty-two days after the entry, but re-
mained in possession of the land, collecting rents and profits, for more than
three years, and then made another entry under § 1 of the statute, recorded
the certificate required by § 2 within thirty days thereafter, and also duly
sold the property in foreclosure under a power of sale contained in the mort-
gage for an amount which, with the rents and profits received since the first
entry, was insufficient to satisfy the mortgage note, he may maintain an action
for the balance still due upon the note, the first entry and possession for
three years thereafter not operating to discharge the note.

CONTRACT for a balance of $1,198.03, alleged to be due upon a
note, secured by a mortgage of real estate, after foreclosure of the
mortgage. Writ dated March 15, 1919.

In the Superior Court the action was tried before *N. P. Brown*, J.
It appeared that a certificate of the entry on July 2, 1915, to
foreclose the mortgage was recorded on August 3, 1915. Other
material facts and rulings by the judge are described in the opinion.
By order of the judge the jury found for the defendants; and the
plaintiff alleged exceptions.

*E. W. Baker*, for the plaintiff.

*S. M. Salny*, (*M. L. Lizotte* with him,) for the defendants.

BRALEY, J. The defendants mortgaged to the plaintiff a parcel
of real property and, the conditions of the mortgage having been
broken, the mortgagee made a peaceable entry upon the premises
on July 2, 1915, for the purposes of foreclosure, and thereafter
remained in uninterrupted possession for more than three years,
collecting and retaining the rents and profits. But no memorandum
or certificate of the entry was recorded as required by the statute.
A second entry for the purpose of foreclosing the mortgage was made
by the plaintiff on January 22, 1919, and the certificate required by
R. L. c. 187, § 2, was duly made and recorded within thirty days
after the entry. The mortgage having contained a power of sale,
the mortgagee also sold the property on or about January 30, 1919,
and the deed to itself, which we assume was authorized by the
power, was duly recorded. The net proceeds of the sale and
the net income from the rents and profits having been credited,
the present action is brought to recover the unpaid balance of the

mortgage note, which was payable by instalments, all of which have matured. The defendants moved for a verdict and, the presiding judge having ruled that the failure to record the first certificate of entry within thirty days did not operate to prevent the plaintiff from acquiring title in three years therefrom and that the plaintiff did so acquire title and thereby the note declared on had been satisfied in full, ordered a verdict for the defendants and the case is before us on the plaintiff's exceptions.

We are of opinion that the ruling was wrong. The foreclosure and redemption of mortgages are regulated by statute. By R. L. c. 187, § 1, a mortgagee may, after breach of the conditions of a mortgage of land, recover possession of the premises by an open and peaceable entry on the land if not opposed by the mortgagor or any person claiming under him, and such possession so obtained, if continued peaceably for three years, shall forever foreclose the right of redemption. But by § 2 a memorandum of the entry shall be made on the mortgage deed and signed by the mortgagor or by the person claiming under him, or a certificate under oath of two competent witnesses shall be made and recorded within thirty days of the entry with certain exceptions not material in the present case, and that, unless such record is made, the entry shall not be effectual for the purposes mentioned in the preceding section. The statute not having been complied with, the first entry was not effectual to foreclose the mortgage. *Judd* v. *Tryon*, 131 Mass. 345, 346, and cases cited. *Morse* v. *Bassett*, 132 Mass. 502, 509. *Tompson* v. *Tappan*, 139 Mass. 506. *Murphy* v. *Murphy*, 145 Mass. 224, 226. *Hayden* v. *Peirce*, 165 Mass. 359, 364. If there was no completed and valid foreclosure then there was no payment of the mortgage debt to the extent of the value of the land when the entry was made. *Amory* v. *Fairbanks*, 3 Mass. 562. *Morse* v. *Merritt*, 110 Mass. 458, 460. *Dooley* v. *Potter*, 140 Mass. 49, 58, 59.

The defendants rely on *Field* v. *Gooding*, 106 Mass. 310, and *Robbins* v. *Rice*, 7 Gray, 202, 203, as authorities that under the first entry there was as between the parties an effectual foreclosure. The question in *Field* v. *Gooding* where the foreclosure was under a power of sale was whether the sale was rendered invalid because the mortgagee did not within thirty days after selling the property file a copy of the notice and his affidavit "setting forth his acts in

the premises fully and particularly, in the office of the registry of deeds in the county or district where the property is situated," as required by Gen. Sts. c. 140, § 42, now R. L. c. 187, § 15. It was held that by the sale the title of the mortgaged property vested in the mortgagee under the power, and the failure to record a copy of the notice of sale and the affidavit did not defeat the title already vested. The distinction is plain. The plaintiff could acquire no title by the first entry without compliance with the condition precedent required by the statute. *Fletcher* v. *Cary,* 103 Mass. 475, 477, 478. It was decided in *Robbins* v. *Rice* that the levy of an execution for the possession of land issued on a judgment in a writ of entry to foreclose a mortgage did not affect the rights of a purchaser for value and without notice before the execution was recorded pursuant to St. 1848, c. 144, nor affect a purchaser who after the notice had been recorded succeeded to the title of such purchaser. The decision does not support the defendants' position. The opinion, moreover, states, "If an open and peaceable entry, not opposed by the mortgagor or other person claiming under him, is made upon the mortgaged premises for the purpose of commencing the process of foreclosure of the right of redemption, it will be wholly ineffectual, unless the memorandum or certificate thereof required by law is within thirty days afterwards duly recorded in the registry of deeds for the county where the mortgage is recorded."

While a certificate of the second entry was made and recorded the foreclosure as yet has not become complete by lapse of time. The right, however, to foreclose by sale having been given by the mortgage and the power under the conditions shown appearing to have been validly exercised, the title passed to the plaintiff. *Mann* v. *Earle,* 4 Gray, 299, 300. It seems to have been uncontroverted that the value of the premises as ascertained by the sale, with the rents and profits received, did not equal the amount of the debt, and, the security being insufficient, the plaintiff can recover the balance due on the note. *Draper* v. *Mann,* 117 Mass. 439, 441.

It follows that the exceptions must be sustained.

*So ordered.*