By the Court.

The demandant, as mortgagee, has lawful right to the possession of the demanded premises. There can be no doubt that the parties intended that the mortgagor should remain in possession, until there was a breach of the condition of the deed. But by the principles of the common law, as well as our own statutes relating to the conveyance of real estate, agreements to that effect must be in writing, to be obligatory. It is time it was * known [ * 40 J that contracts like this, where one party conveys his estate to another, in consideration of a support to be furnished by the purchaser, and the latter mortgages the estate for security, will not answer the *34 intended purposes, without a covenant that the mortgagor shall remain in possession. How the parties in this case will adjust the claims of the mortgagee for the stipulated support, when he has obtained possession of the estate but of which it was probably to be afforded, it is difficult to "tell. We, however, cannot make law to suit particular contracts. It has long been settled and well known; that a mortgagee has a right to immediate possession of the mortgaged premises; and yet parties still go on, making mortgages without any covenant respecting the possession, although it is intended that the mortgagor shall remain in possession, until the condition is broken. This is always provided for in England, by covenants in the deed; and the remedy is so simple, that it is surprising it has not been adopted here (1).

Judgment on the verdict.

 [Vide Jackson, ex dem. Van Allen, vs. Florence, 16 Johns. R. 47. —Jackson vs. Alexander, 3 Johns. 492. —Jackson vs. Delancey, 4 Cowen, 430. —Jackson vs. Pike, 9 Cowen, 69. —Ed.]