## Hannah Wales v. Nathaniel K. Mellen.

In a mortgage of land on condition that the mortgagor shall maintain and support the mort gagee· during life, and give him a decent burial, an agreement is implied that the mort gagor shall remain in possession until breach of the condition.

WRIT OF ENTRY to obtain possession of the land described in a mortgage from the tenant to the demandant, the condition of which was in these words: "Whereas the above named Hannah Wales has this day by deed conveyed to the said Nathaniel K. the above mentioned premises, for her future maintenance and support, and whereas the said Nathaniel K. has, at the same time, reconveyed the same premises to said Hannah, as security for such maintenance and support, now if the said Nathaniel K., his heirs, executors, administrators and assigns, shall well and truly and punctually and honorably maintain the said Hannah in sickness and in health, by providing all things necessary for her comfort and support, according to her degree and standing in life, and at her decease give her a decent burial, then the above obligation shall be void and of no effect; otherwise, to be in full force and virtue." *Dewey*, J. before whom the case was tried, reserved the question, whether this action could be maintained before condition broken, for the consideration of the full court.

*I. Stevens*, for the demandant, cited Rev. Sts. *c.* 107, § 9; *Colman* v. *Packard*, 16 Mass. 39; *Lackey* v. *Holbrook*, 11 Met. 458.

*G. T. Davis & C. Allen*, for the tenant, cited 2 Cruise Dig. (Greenl. ed.) Tit. 15, *c.* 2, § 1, *note;* Chit. Con. (8th Amer. ed.) 83, 84, 85; *Lamb* v. *Foss*, 21 Maine, 240; *Clay* v. *Wren*, 34 Maine, 187; *Hartshorn* v. *Hubbard*, 2 N. H. 453; *Dearborn* v *Dearborn*, 9 N. H. 117; *Flanders* v. *Lamphear*, 9 N. H. 201, *Rhoades* v. *Parker*, 10 N. H. 83; *Holmes* v. *Fisher*, 13 N. H. 12, *Hobart* v. *Sanborn*, 13 N. H. 226; *Chellis* v. *Stearns*, 2 Foster, 312.

METCALF, J. There is no doubt that by our law a mortgagee may take possession and eject the mortgagor, before condition broken, unless there is an agreement between them to the contrary. *Newall* v. *Wright*, 3 Mass. 155. Rev. Sts. *c.* 107, § 9

Such is also the law of New Hampshire and Maine. But an agreement by the mortgagee, that the mortgagor may remain in possession until condition broken, need not be expressly set forth in the mortgage, nor in any other writing. Whenever it appears by necessary implication from the terms of the condition of the mortgage, that it must have been the understanding of the parties that the mortgagor should retain possession, the mortgagee can neither enter and expel the mortgagor, nor maintain a writ of entry against him, before condition broken or. waste committed. *Hartshorn* v. *Hubbard,* 2 N. H. 453. *Flanders* v. *Lamphear,* 9 N. H. 201. *Rhoades* v. *Parker,* 10 N. H. 83. *Lamb* v. *Foss,* 21 Maine, 240. *Clay* v *Wren,* 34 Maine, 187. In the case now before us, it is set forth, in the preamble to the condition of the mortgage, that the said Hannah had conveyed the demanded premises to the said Nathaniel K. " for her future maintenance and support," and that the said Nathaniel K. had, " at the same time, reconveyed the same premises to said Hannah, as security for such maintenance and support." Then follows the condition, that the tenant shall maintain the demandant, in sickness and in ·health, by providing all things necessary for her comfort and support, and at her decease give her a decent burial. We are of opinion, upon the reason of the matter, as well as upon the decisions above cited, that it is a necessary implication from the terms of this preamble and condition, that the tenant should retain possession of the demanded premises while he should perform, from time to time, the acts, the performance of which the mortgage was intended to secure. By taking the demanded premises from him, the demandant would probably prevent him from carrying into effect the purpose for which alone the mortgage is expressed to be made.

The demandant's counsel relied on the case of *Colman* v. *Packard,* 16 Mass. 39, as a conclusive authority for the maintenance of this action. But in that case, though it much resembles this, the doctrine, which we now adopt and apply, was not considered. The points there discussed and decided were, that the mortgagee was entitled to possession, before condition broken,

unless there was a written agreement to the contrary; and that parol evidence of such agreement was inadmissible.   And these points were rightly decided.   But in applying the first of those points to the facts of that case, the doctrine of an agreement necessarily *implied* from the terms of the condition of the mortgage was overlooked.   ·           *Demandant nonsuit*