SAMUEL TOMPSON *vs.* LEWIS W. TAPPAN, JR., & others.

Suffolk.    Jan. 29. — June 23, 1885.    DEVENS, W. ALLEN, & COLBURN, JJ., absent.

An entry, by an assignee of a mortgage, upon mortgaged premises, made, certified, and recorded as provided in the Gen. Sts. c. 140, §§ 1, 2, will have the effect to foreclose the mortgage, after the expiration of three years, as against a second mortgagee, although the assignee had purchased the land after both mortgages were made, and held it at the time of making the entry, and although the second mortgagee was ignorant of the entry until after the expiration of the three years.

The fact that, before the expiration of three years from the date of an entry upon land to foreclose a mortgage thereon, the mortgagee received the avails of other security held by him for the same debt, but to an amount less than that of the mortgage debt, does not of itself prove an intention on his part to waive the foreclosure.

BILL IN EQUITY, filed September 22, 1883, against Lewis W. Tappan, Jr., Augustus N. Clark, and Ellen Lyons, to redeem certain land in Boston from a mortgage. Hearing before *Devens*, J., who reported, for the consideration of the full court, the following case:

On September 11, 1871, Lemuel Pope mortgaged the land in question to George A. Simmons, trustee under the will of Ephraim Harrington, to secure the payment of a promissory note of $37,669.59 in three years from that date. Simmons also received at the same time two other promissory notes, each secured by a mortgage, as collateral security for the payment of the original mortgage debt.

On October 20, 1871, Pope conveyed the land to Frederick H. Rand, subject to the mortgage to Simmons, which mortgage Rand was to assume and pay. On March 29, 1872, Rand mortgaged the land to Pope to secure the sum of $1098. On October 28, 1872, Pope assigned this mortgage to the plaintiff.

On September 1, 1873, Rand and his assignees in bankruptcy, the latter being thereto duly authorized, quitclaimed the land to the defendant Tappan. This deed made no mention of any mortgages.

On February 5, 1875, Simmons assigned the first mortgage to Tappan, and also one of the mortgages taken by Simmons as collateral security. The amount of the debt secured by the first mortgage was at this time $2824.20.

On March 18, 1875, there was a breach of the condition of the first mortgage, and Tappan made an entry for the purpose of foreclosing the mortgage. The certificate of the two witnesses, prescribed by the Gen. Sts. *c.* 140, §§ 1, 2, was in the usual form, and was duly recorded.

On June 29, 1875, Tappan caused the land embraced in the collateral mortgage to be sold, and bought it himself; the fair value of this land was at the time $1250.

On June 8, 1877, Tappan conveyed the premises by a warranty deed to one Newton, who, on December 24, 1877, conveyed the same by a warranty deed to the defendant Clark. On July 2, 1883, Clark conveyed a part of the land to the defendant Lyons.

The plaintiff testified, that he first knew of the entry of Tappan to foreclose the mortgage about two months before the filing of this bill.

*W. E. L. Dillaway,* for the plaintiff.

*M. Williams,* (*F. W. Kittredge* with him,) for the defendants.

C. ALLEN, J. The plaintiff in this case presents but two questions: first, that the entry to foreclose was illegal and void; and secondly, that the receipt of money or value from the other security, before the foreclosure became absolute, was a waiver of the foreclosure.

1. The entry to foreclose, being made and recorded in the manner provided by statute, was valid and effectual for the purpose of foreclosure, although the mortgagee was the owner of the equity of redemption, subject to a second mortgage on the same premises, and although the holder of the second mortgage was ignorant that such entry had been made for more than three years thereafter. *Fletcher* v. *Cary,* 103 Mass. 475, 478. *Ellis* v. *Drake,* 8 Allen, 161.

2. The fact, that, before the expiration of three years from the date of such entry, the mortgagee received the avails of other security held by him for the same debt, but to an amount less than the amount of the mortgage debt, does not of itself, and without other evidence, prove an intention on his part to waive the foreclosure. *Lawrence* v. *Fletcher,* 10 Met. 344. *Bennett* v. *Conant,* 10 Cush. 163, 167. *Hobbs* v. *Fuller,* 9 Gray, 98.

It becomes unnecessary to consider the matter of laches.

*Bill dismissed.*