SAM ZWICKER *vs.* EDWIN S. GARDNER, executor.

Hampden.    September 23, 1912. — November 25, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Frauds, Statute of.*

Where a mortgagee of real estate orally agreed that, if the mortgagor would refrain from bidding at a foreclosure sale of the property, the mortgagee would bid in the property and afterwards would sell it at private sale and would pay to the mortgagor any balance that remained over the amount of the mortgage with interest and expenses, and where in pursuance of this agreement the mortgagee bid in the property and sold it at private sale for a sum in excess of the amount of the mortgage with interest and expenses, the statute of frauds is not a bar to an action of contract by the mortgagor to recover such excess in the hands of the mortgagee, the part of the contract relating to the purchase and sale of the real estate having been performed, and the promise to account for and pay over the excess being separable from the rest of the contract.

MORTON, J.    The plaintiff mortgaged certain premises to the defendant's testator. The defendant's testator instituted foreclosure proceedings and the plaintiff alleges that the defendant's testator agreed that if he, the plaintiff, would not bid at the foreclosure sale or procure other persons to bid, he, the defendant's testator, would bid the premises in and sell them at private sale and pay over to the plaintiff any balance that remained after deducting the mortgage, interest and expenses. The plaintiff alleges that he refrained from bidding or procuring others to

bid at the foreclosure sale, and that the defendant's testator bid the premises in and afterwards sold them at private sale for a sum in excess of the mortgage, interest and expenses. This is an action to recover such excess. The case was sent to an auditor, who found the facts to be as alleged by the plaintiff, and was heard by a judge of the Superior Court * without a jury upon the auditor's report. The judge ruled and found in favor of the plaintiff. The case is here on exceptions by the defendant ,to the refusal of the judge to rule as requested by the defendant that the contract was within the statute of frauds and that the plaintiff could not recover. It was agreed that the contract, if there was one, was not in writing and that there was no note or memorandum thereof in writing signed by the defendant's testator, or by any one by him thereunto lawfully authorized.

We think that the ruling and finding of the judge were right. This is not an action to enforce an oral contract for the sale of land or an interest in or concerning the same. The land has been sold and nothing remains to be done except for the defendant to account for and pay over the excess. That part of the contract is separable from the rest of the contract and, the rest of the contract having been performed, there is no reason why this part of it should not be enforced. And to that effect see *Page* v. *Monks,* 5 Gray, 492; *Trowbridge* v. *Wetherbee,* 11 Allen, 361; *Graffam* v. *Pierce,* 143 Mass. 386. The case of *Kennerson* v. *Nash,* 208 Mass. 393, cited by the defendant, is entirely different from the case before us. It is not necessary to consider whether, if the contract did come within the statute of frauds, it would have been taken out of the statute by part performance. ·

*Exceptions overruled.*

The case was submitted on briefs.

*C. G. Gardner & R. W. Stoddard,* for the defendant.

*G. A. Bacon & T. H. Kirkland,* for the plaintiff.

---

* *Hardy,* J.