FRANK M. CHACE *vs.* BENJAMIN B. GARDNER, executor.

Bristol.    October 22, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Frauds, Statute of. Equity Jurisdiction,* To establish oral trust. *Trust,* Oral in personal property.

The owner of certain real estate conveyed it to his sister by an absolute deed without pecuniary consideration but with an oral agreement on her part that she should hold the land in trust for her own benefit during her life and that after

her death it should become the property of the grantor's son, and that, if the real estate should be converted into money, the proceeds from the sale should be held by the grantee to enjoy the income during her life and that on her death the grantor's son should be the sole beneficiary and owner of such proceeds. The grantee sold the real estate during her lifetime and deposited the proceeds in certain bank accounts, where it could be traced. After the death of the grantee, the grantor's son brought a suit in equity against the executor of the grantee's will to enforce the oral trust against the proceeds from the sale in the hands of the defendant. It was agreed that the part of the statute of frauds contained in R. L. c. 147, § 1, should be treated as having been pleaded. *Held,* that the part of the oral agreement relating to the proceeds of the sale was separate and distinct from the part relating to the real estate and could be enforced as a valid oral trust in personal property which the defendant had in his possession.

BILL IN EQUITY, inserted in a common law writ dated July 21, 1914, against the executor of the will of Katherine F. Gardner, late of Swansea, the aunt of the plaintiff, praying that a trust in favor of the plaintiff be established in a fund of $2,500 in the hands of the defendant as executor, which constituted the proceeds from the sale of certain real estate in Swansea, as described in the opinion.

In the Superior Court the case was heard by *Dubuque,* J., who made findings of fact, which are stated in substance in the opinion, and ruled that upon the facts found the plaintiff was entitled to recover the amount of the proceeds from the land sales, namely, $2,224.75 with interest from the date of the writ. Later by order of the judge a final decree was entered for the plaintiff; and the defendant appealed.

R. L. c. 147, § 1, is as follows: "No trust concerning land, except such as may arise or result by implication of law, shall be created or declared unless by an instrument in writing signed by the party or by the attorney of the party creating or declaring the trust."

*L. E. Wood,* for the defendant.

*S. P. Hall,* for the plaintiff.

CARROLL, J. It was found by the judge who heard this suit in equity that the plaintiff's father, Charles F. Chace, and Katherine F. Gardner (brother and sister) owned two tracts of land in Swansea; that by partition proceedings one tract was set off to Charles and one to Katherine; that on September 18, 1880, Charles conveyed to his sister the parcel owned by him, by warranty deed in the usual form, without consideration being paid by the grantee

to the grantor, upon the oral agreement that she should hold the land in trust for her own benefit during her life, and after her death it was to become the property of the plaintiff; that, if said real estate was converted into money, the proceeds of the sale were to be held by the grantee to enjoy the income thereof during her life, the plaintiff to be the sole "beneficiary and owner of the principal of said proceeds after his aunt's death;" and that this agreement was made known to the plaintiff by his father and by the grantee. He further found that Mrs. Gardner sold the land in 1907 and 1909, for the sum of $2,245.75, and deposited the proceeds in several banks in Fall River "(without mention of any trust) where the same are traceable now; but mingled with other money of hers."

Mrs. Gardner died in 1914. The defendant is the executor of her will. The presiding judge states that "The statute of frauds does not appear to have been pleaded," but it was agreed that the case might be heard as though it had been pleaded. A decree was entered in the Superior Court declaring that the plaintiff was entitled to the proceeds arising from the sale of the real estate, amounting to $2,245.75 and ordering the defendant to pay that sum of money to the plaintiff. The defendant appealed.

If the oral agreement concerned the real estate alone the statute would apply, the trust could not be enforced and no constructive trust would arise. R. L. c. 147, § 1. *Campbell* v. *Brown,* 129 Mass. 23. *Tourtillotte* v. *Tourtillotte,* 205 Mass. 547. The statute requiring an instrument in writing for the creation or declaration of a trust applies to a trust concerning land only; an oral trust in personal property is valid. *Chase* v. *Perley,* 148 Mass. 289. *Taft* v. *Stow,* 167 Mass. 363.

The judge found that the grantee converted the real estate into money and the fund arising from the sale was in existence at the time of her death; he also found, and there was sufficient evidence to support the finding, that when Mrs. Gardner received the deed of real estate she agreed, if the real estate was converted into money, to hold the proceeds, the income to be hers during her life, the principal to be payable to the plaintiff on her death.

That part of the agreement relating to the proceeds of the sale is separate and distinct from the part relating to the land. When the real estate was converted into money Mrs. Gardner held it as she agreed to hold it when the trust was created; and this trust in

personal property did not require a memorandum in writing. The bill is not brought to enforce an oral trust in land; it is brought to enforce a trust in personal property which the defendant has in his possession, and where nothing remains to be done except the payment by the defendant of the amount which he holds as the executor of the trustee.

The rule governing cases of this kind was stated by Mr. Justice Metcalf in *Rand* v. *Mather*, 11 Cush. 1, 7, as follows: "The true doctrine is this: If any part of an agreement is valid, it will avail *pro tanto*, though another part of it may be prohibited by statute; provided the statute does not, either expressly or by necessary implication, render the whole void; and provided, furthermore, that the sound part can be separated from the unsound, and be enforced without injustice to the defendant."

In *Trowbridge* v. *Wetherbee*, 11 Allen, 361, 364, Chapman, J., speaking of the statute of frauds, said: "If some of the stipulations in a contract are within the statute and others are not, and those which are within it have been performed, an action lies upon the other stipulations, if they are separate." The plaintiff in *Zwicker* v. *Gardner*, 213 Mass. 95, a mortgagor of real estate, was allowed to recover on an oral agreement made with the mortgagee that if the plaintiff would not bid at the foreclosure proceedings, the mortgagee would pay to him the balance that remained after deducting the mortgage, interest and expenses. It was there held that the action was not to enforce an oral contract for the sale of land; that the land had been sold and a part of the contract relating to it had been executed and it was separable from the part of the contract which concerned the excess. The same principle applies in the case at bar: Mrs. Gardner's executor holds the proceeds of the sale by reason of an agreement made by his testatrix that this money was to belong to the plaintiff after her death. This section of the agreement is separable from the part relating to the real estate, to which part alone the statute applies, and which has been fully performed. See *Page* v. *Monks*, 5 Gray, 492; *Wetherbee* v. *Potter*, 99 Mass. 354, 361; *Lyman* v. *Lyman*, 133 Mass. 414; *Graffam* v. *Pierce*, 143 Mass. 386.

Accordingly, where land has been conveyed on a parol trust to hold the proceeds for a certain purpose, if that event has taken place and the land is converted into money, the statute of frauds

is not a defence. The trust will be enforced although there was no declaration of trust subsequent to the conversion. *Lasley* v. *Delano,* 139 Mich. 602. *Bork* v. *Martin,* 132 N. Y. 280. *Logan* v. *Brown,* 20 Okla. 334. And see *Bailey* v. *Wood,* 211 Mass. 37.

There are some decisions at variance with what is here decided. See 39 Cyc. 52, where the cases are collected. But we think the conclusion which we have reached is supported by both principle and authority. In view of what has been said it is unnecessary to consider the other questions which have been discussed.

*Decree affirmed with costs.*