Louis Rosenberg *vs.* Nathan Drooker & another.

Suffolk.  December 5, 1917. — January 5, 1918.

Present: Rugg, C. J., Braley, Crosby, Pierce, & Carroll, JJ.

*Frauds, Statute of.  Practice, Civil,* Conduct of trial: requests for instructions; Action prematurely brought, Waiver of defence. *Waiver.*

Where an owner of real estate, who has made a contract to sell the real estate, orally agrees with the owner of a second mortgage upon the property that, if the owner of the real estate will discharge his contract of sale and will not appear at a sale in foreclosure of the second mortgage, which is about to take place,

and will not bid in the property, the second mortgagee will sell the property to the purchaser to whom the owner has agreed to sell it and will pay the owner a certain amount of money, if the owner thereupon discharges his contract of sale and refrains from attending the foreclosure sale and the real estate is sold by the mortgagee, the mortgagee's oral agreement to pay a sum of money is not within the statute of frauds.

Where, at the trial of an action by the owner against the mortgagee for failure to pay to the plaintiff the sum of money in accordance with the oral agreement above described, there is evidence tending to show that all that the plaintiff agreed to do was to discharge his rights under his contract of sale and that he did not agree to procure a release from the purchaser, and that he had discharged the contract of sale, a request of the defendant for a ruling, in substance that the plaintiff could not recover unless the jury found that the plaintiff and his customer had released each other from the contract of sale, properly may be refused.

It appeared that the above described action was upon a right of recovery which was alleged to have vested in the plaintiff on a certain day, but that the foreclosure sale did not occur until sixteen days later. Neither in the pleadings nor at the trial of the action was any question raised as to the action being brought prematurely, and no exception was taken. *Held,* without determining that there was merit in such contention, that under the circumstances it was not open to the defendant in this court.

CONTRACT upon an oral agreement described in the opinion. Writ dated January 3, 1917.

In the Superior Court the case was tried before *Callahan,* J. The material facts and the course of the trial are described in the opinion. There was a verdict for the plaintiff in the sum of $449.32. The defendants alleged exceptions.

*C. S. Hill,* for the defendants.

*A. J. Berkwitz,* (*E. M. Dangel* with him,) for the plaintiff.

CARROLL, J. The plaintiff, the owner of a certain parcel of real estate in Boston, had contracted to convey to one Wallace a one half interest in the same. The defendants were the holders of a second mortgage on the premises, which they were about to foreclose. There was evidence of an oral contract between the plaintiff and defendants that, if the plaintiff would discharge the agreement to sell to Wallace and not "appear when the foreclosure is going to take place," and "not bid in the property, and I [one of the defendants] will sell the property to Wallace," the defendants would pay the plaintiff $425; that he discharged the Wallace agreement and did not appear at the foreclosure sale. The answer was a general denial, payment, and the statute of frauds. The jury found for the plaintiff.

The plaintiff cancelled and discharged the agreement with Wallace and refrained from attending the foreclosure sale. "This is not an action to enforce an oral contract for the sale of land or an interest in and concerning the same. The land has been sold and nothing remains to be done except for the defendants to account for and pay over the excess." *Zwicker* v. *Gardner,* 213 Mass. 95, 96. The promise to pay the money was separable from the part of the contract relating to the sale of the land, and as that part has been executed and nothing remains except the payment of the agreed sum, the statute of frauds is not a defence. *Zwicker* v. *Gardner, supra. Chace* v. *Gardner,* 228 Mass. 533, and cases cited. *See Bailey* v. *Wood,* 211 Mass. 37.

The defendants asked the judge to instruct the jury "That unless the jury finds as a fact that the plaintiff waived his customer and that his customer and he released each other from the agreement in evidence because of the alleged promise to the plaintiff, the plaintiff cannot recover." They contend there is nothing to show that Wallace released the plaintiff from the contract to sell. The jury could have found that the plaintiff did not agree to secure the release of Wallace, but merely to discharge the plaintiff's rights under the contract against Wallace; and there was evidence that this was done.

The defendants now argue that the plaintiff's action is upon an alleged right to recover "vested in the plaintiff on July 1, 1916;" and that the demand then made was premature because the property was not sold at foreclosure until July 17, 1916. Without admitting that there is merit in the contention, it is enough to say that no exception was taken on this point in the trial court and the presiding judge was not asked to pass upon it. It is not now open to the defendants.

*Exceptions overruled.*