HARRY M. SHAW, GUARDIAN, ET AL.

*vs.*

JOHN H. MERRILL ET AL.

Oxford.    Opinion, January 16, 1933.

*Albert Beliveau,* for plaintiff.
*George C. Wing,*
*Albert E. Verrill,* for John H. Merrill.
*Seth W. Norwood,* pro se.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.   This equity suit was heard in the Superior Court on bill, answer, and proof.

In the bill, as amended to admit a party plaintiff, and join a defendant, and to add additional averments, it is alleged, primarily, that the Paris Trust Company, the mortgagee, in three mortgage deeds of the same real estate, to secure in the aggregate $4,800.00 and interest, waived foreclosures that had become absolute; and

that the quitclaim deed of the property, subsequently given by that company to the original defendant, John H. Merrill, for a consideration equal to the balance due on the mortgages, was operative, not to convey a foreclosure title, but only to the extent that the grantor could lawfully convey. In other words, the bill alleged the transaction to have been, in its true nature and effect, an assignment of the mortgages and a transfer of the mortgage debts. A purpose of filing the bill was to have this declared the efficacy of the deed.

A decree dismissing the bill was signed, filed, and entered. The plaintiff appealed to this court.

Foreclosure of the mortgages, which was begun June 27, 1928, by giving public notice in a newspaper, became of registry record on August 10, 1928. The limitation of one year, for redemption, began after the first publication. R. S., Chap. 104, Sec. 7. Parol evidence was introduced, that on August 14, 1929, the mortgagor paid to the mortgagee the sum of $850.00, on August 17, 1929, $150.00, and on August 20, 1929, $53.31, on account and in part payment of the amount due on the mortgages.

The mere fact that, after the year, payments are made on account of the mortgage debt, will not work a waiver of foreclosure. Such payments, it has been said, may have been made because the premises were not adequate to satisfy the debt. *Jones on Mortgages*, Sec. 1269. The intention of the parties to waive the foreclosure should be shown by other evidence. *Lawrence* v. *Fletcher*, 10 Met., 344; *Tompson* v. *Tappan*, 139 Mass., 506; *Welch* v. *Stearns*, 74 Me., 71, 78. It was held in *Dow* v. *Moor*, 59 Me., 118, that a receipt following foreclosure of a part of the debt secured by mortgage, under an express understanding that the foreclosure was opened, was a waiver. In the case at bar, the Justice below found that, after foreclosure was completed, the mortgagee agreed to allow the mortgagor to redeem the premises upon the payment, within a stated time, of an amount equal to what was due on the mortgages on that day. Such a conditional waiver was not sufficient to waive the foreclosure. *Stetson* v. *Everett*, 59 Me., 376.

A grantee after foreclosure may take a title subject to redemption by the mortgagor. *Rangely* v. *Spring*, 28 Me., 127. But a quitclaim deed by a mortgagee after foreclosure, for a sum equal to

the mortgage debt, is not, of itself, enough evidence of a waiver of the foreclosure. *Crittenden* v. *Rogers*, 8 Gray, 452.

This grantee had a right to purchase. The amount he paid created no presumption that the title he took was open to redemption. The deed is in form in the nature of a release, containing words of grant as well as release, and as much a conveyance as any other kind of a deed. R. S., Chap. 87, Sec. 20. Having himself wholly paid the consideration, the grantee is not shown to hold the property under a resulting trust; nor is any fact or circumstance in evidence from which a trust may arise or result by implication of law. He is not the trustee of an express trust concerning lands, because the trust is not declared in writing. R. S., Chap. 87, Sec. 17. Any agreement he may have made to reconvey did not constitute a mortgage, because it was not made with one from whom an absolute title was taken simultaneously. *Jones on Mortgages*, Sec. 1266.

But, though the record might have justified finding that the grantee, before taking the deed, agreed that he would take subordinate to the conditional waiver,—in consequence whereof he would doubtless be concluded, on acquiring the title,—it is plain that he was neither paid nor tendered the redemption money within the time limited.

Other aspects of the cause need no reciting; the questions of fact thus far involved lie under other issues; the findings in respect to such questions are not to be reversed on appeal.

*Appeal dismissed.*
*Decree affirmed.*