ELVIRA MONTUORI *vs.* DAVID BAILEN.

Suffolk. November 13, 1934. — February 28, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Frauds, Statute of. Contract,* What constitutes, Consideration. *Mortgage,* Of real estate.

On evidence that, after default under a mortgage of real estate, the mortgagor signed a writing under seal whereby he promised to pay the rents collected to the mortgagee in consideration of the mortgagee's "waiver of the taking of possession of" the mortgaged premises, and that shortly thereafter the mortgagee told the mortgagor to make repairs and improvements of the premises, to pay for them out of the rents and to pay the balance of the rents to him, "and I will not foreclose you," a finding was warranted that the agreement between the parties was not expressed completely in the writing alone, but in both the writing and the later conversation.

The making of such repairs and improvements by the mortgagor and a full accounting by him to the mortgagee for the rents collected constituted consideration for the mortgagee's promise not to foreclose.

The right to possession of land is an "interest in" it within the meaning of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, and therefore a promise to refrain from taking and retaining possession of mortgaged land, which was involved in an oral promise by the mortgagee, made after default under the mortgage, not to foreclose it, likewise was within the statute; and the promise not to foreclose was unenforceable by reason of the statute even though it was supported by consideration.

Even if acts done by one of the parties to an oral contract within the statute of frauds amounted to part performance thereof under the doctrine applied in equity, such acts did not aid him in an action at law for breach of the contract against the other party thereto, who pleaded and relied on the statute in defence.

CONTRACT OR TORT. Writ dated July 18, 1929.

In each count of the declaration, the plaintiff alleged a breach by the defendant of the agreement described in the opinion, "all to the great damage of the plaintiff."

The action was tried in the Superior Court before *Macleod,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor on each count of the declaration. There

was a verdict for the plaintiff on each count in the sum of $1,980.77. The defendant alleged an exception.

*H. Bergson,* for the defendant.

*I. Bernstein,* for the plaintiff.

LUMMUS, J. The evidence tended to show the following facts. The plaintiff had bought land and buildings subject to a first mortgage for $36,000 and a second mortgage, held by the defendant, for $29,000. There was a breach of the second mortgage in that taxes for the previous year were unpaid, when the plaintiff's agent and the defendant's attorney talked about the matter on February 26, 1929. Both had full authority. The attorney said in substance that so long as the rents should be accounted for at his office, the defendant would not take possession nor foreclose. The attorney drew a written agreement whereby "in consideration of the waiver of the taking of possession of said premises the undersigned hereby agrees with the . . . [defendant] that she will account to the . . . [defendant] for all rents promptly as when collected and that the failure so to do shall be deemed conclusively an unlawful withholding of said rentals." This was signed by the plaintiff's agent, under the words "witness my hand and seal," and she paid $200 towards the interest, as a part of the transaction. Later, about March 1, 1929, the defendant, discussing that agreement with the plaintiff's agent, said, "you fix the house better, more improvements, and spend a little money, and the rest of the money left on the rents you bring to the office of . . . [the attorney] and I will not foreclose you." The defendant later specified the repairs and improvements that he wished made. The plaintiff made them, to the defendant's knowledge, at a cost of $2,500, and also accounted fully to the attorney for all the rents.

Notwithstanding all this, the defendant took possession to foreclose his mortgage on May 15, 1929, and caused the property to be sold to his daughter at a foreclosure sale under a power in the mortgage on June 1, 1929.

The declaration contains two counts in contract. The jury returned a verdict for the plaintiff on each count in

the same amount, $1,980.77. The counts are not stated to be for the same cause of action, but obviously both arise out of the same transaction. No question is raised as to the pleadings, or the taking of the verdicts. The only exception is to the refusal of the judge to direct a verdict for the defendant.

It could be found that the written instrument was not the complete agreement between the parties, but only part of it. *Davis* v. *Cress*, 214 Mass. 379, 382. *Glackin* v. *Bennett*, 226 Mass. 316, 319. *See* v. *Norris*, 234 Mass. 345, 348. *Dixon* v. *Lamson*, 242 Mass. 129, 138. *Blanchard Lumber Co.* v. *Maher*, 250 Mass. 159, 162. *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, 68. *Western Newspaper Union* v. *Dittemore*, 264 Mass. 74, 77. *McClintic-Marshall Co.* v. *Freedman*, 274 Mass. 558, 563. *MacLaren* v. *Windram Manuf. Co.* 287 Mass. 221, 227. Consideration for the agreement could be found in the performance by the plaintiff of its terms, and that distinguishes this case from *McCarthy* v. *Simon*, 247 Mass. 514, and *Sandler* v. *Green*, 287 Mass. 404. In *Zwicker* v. *Gardner*, 213 Mass. 95, and *Rosenberg* v. *Drooker*, 229 Mass. 205, permitting the mortgagee to buy without competition at the foreclosure sale was held sufficient consideration for his oral promise to pay money to the mortgagor.

The important question is, whether the agreement was unenforceable, in the absence of a writing signed by the defendant, because it was "a contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them," within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, which is set up in the answer.

We assume that the defendant's mortgage, as is usual, gave him no right to possession until default. G. L. (Ter. Ed.) c. 183, § 26. But there was a default. He was entitled to take immediate possession by an open and peaceable entry on the mortgaged premises. By continuing that peaceable possession for three years, the mortgage would be effectively foreclosed. G. L. (Ter. Ed.) c. 244, §§ 1, 2. *Fletcher* . v. *Cary*, 103 Mass. 475. *Fitchburg Co-operative Bank* v. *Normandin*, 236 Mass. 332.

A contract whereby one is merely licensed to use real estate, conveys no interest in land, and is not within the statute. *White* v. *Maynard,* 111 Mass. 250. *Johnson* v. *Wilkinson,* 139 Mass. 3. *Nelson* v. *American Telephone & Telegraph Co.* 270 Mass. 471, 479. On the other hand, a contract by a mortgagee to relinquish his interest in the land in favor of another, is within the statute. *Parker* v. *Barker,* 2 Met. 423, 431, 432. *Hunt* v. *Maynard,* 6 Pick. 489. The present case concerns neither the mere use of land, nor the entire title of the mortgagee in it, but concerns the right of possession after breach, which is one of the incidents of that title. The oral agreement of the defendant not to foreclose involved an agreement not to take and retain the possession, which is one of the customary means of effecting a foreclosure. If the agreement to surrender that right to take and retain possession is within the statute of frauds, the whole agreement is unenforceable, in the absence of a writing signed by the defendant. *McMullen* v. *Riley,* 6 Gray, 500. *Hurley* v. *Donovan,* 182 Mass. 64. *Eaton* v. *Simcovitz,* 239 Mass. 569.

The right to possession of land is an interest in it, and a contract to surrender possession or to forbear for a time to exercise a right to take and retain possession, is within the statute of frauds. Browne, St. Frauds (5th ed.) § 231. *Norton* v. *Webb,* 35 Maine, 218, 220. This was decided in *Colman* v. *Packard,* 16 Mass. 39, which was approved in *Wales* v. *Mellen,* 1 Gray, 512, although a contrary result on similar facts was reached in the latter case on a different ground. The contract upon which this action is brought is unenforceable under the statute of frauds.

If the facts in the present case amount to part performance, that cannot help the plaintiff in this action at law, for the doctrine of part performance is recognized only in equity. *Kidder* v. *Hunt,* 1 Pick. 328. *Adams* v. *Townsend,* 1 Met. 483. Williston, Contracts, § 494, note 40. Browne, St. Frauds (5th ed.) § 451. 59 Am. L. R. 1305. See also *Dix* v. *Marcy,* 116 Mass. 416; *Minchin* v. *Minchin,* 157 Mass. 265; *Hurley* v. *Donovan,* 182 Mass. 64.

Cases in which a foreclosure has been opened or the right

of redemption extended, by oral agreement or by some act inconsistent with reliance on a foreclosure, do not apply. In such cases there was no agreement to surrender possession or the right of possession. At most there was an agreement that the effect of the possession should be limited. Furthermore, such cases ordinarily have arisen in equity, and in them equitable doctrines have been applied. In equity, a formal deed, absolute in form, does not prevent redemption by the grantor if a right of redemption was contemplated by the parties. *Campbell* v. *Dearborn,* 109 Mass. 130. *Hassam* v. *Barrett,* 115 Mass. 256, 258. *Clark* v. *Seagraves,* 186 Mass. 430, 433, 434. *Southwick* v. *Bigelow,* 237 Mass. 299, 305. *A fortiori,* a formal foreclosure of an equity of redemption by possession and lapse of time does not prevent redemption in equity, where the true understanding is that a right to redeem shall nevertheless continue to exist. *Lawrence* v. *Fletcher,* 8 Met. 153, 164, *et seq.* *Trow* v. *Berry,* 113 Mass. 139, 147. *Worcester Mechanics' Savings Bank* v. *Thayer,* 136 Mass. 459, 463. *Tompson* v. *Tappan,* 139 Mass. 506, 507. *Griffin* v. *Coffey,* 9 B. Mon. 452. *Butt* v. *Butt,* 91 Ind. 305. Browne, St. Frauds (5th ed.) § 267. In some cases a formal foreclosure by sale under a power, followed by deed, has been held not to prevent redemption, where the foreclosure was merely a "friendly foreclosure" not intended to be effective. *O'Brien* v. *Hovey,* 239 Mass. 37, 42, and cases cited. *Flynn* v. *Curtis & Pope Lumber Co.* 245 Mass. 291, 302, 303. See also *Knowlton* v. *Fourth-Atlantic National Bank of Boston,* 264 Mass. 181, 194.

A verdict ought to have been directed for the defendant. His exception is sustained, and judgment is to be entered in his favor. G. L. (Ter. Ed.) c. 231, § 124.

*So ordered.*