JANE E. BENTON *vs.* LEE PRICE BENTON.

Middlesex.    April 4, 1950. — May 3, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Marriage and Divorce*, Recrimination.    *Probate Court*, Report of evidence

A decree dismissing a libel for divorce grounded on alleged cruel and abusive treatment was proper where the trial judge expressly found that there had been no such treatment, although he also stated "that the . . . [libellant's] conduct has been reprehensible, and, therefore, I dismissed the libel."

Error invalidating a decree dismissing a libel for divorce was not shown by the mere wholly unexplained absence from the record on appeal of a report of the evidence, although at the libellant's request a commissioner had been appointed to take the testimony.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on January 6, 1949.

The case was heard by *Monahan, J.*

In this court the case was submitted on briefs.

*N. Peikes,* for the libellant.

*C. O. Monahan,* for the libellee.

COUNIHAN, J.    This is an appeal from a decree dismissing a libel for divorce which alleged cruel and abusive treatment. The evidence is not reported but at the request of the libellant the judge made a report which we shall treat as a report of material facts found by him.    G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3.    In substance he found that the parties were married on April 18, 1942, and that two children were born of the marriage.    The husband was many years older than his wife and there had been many disagreements between them during their married life. The judge made other findings all of which support his ultimate findings which are decisive of this case.    These ultimate findings were that "The testimony in this case showed . . . that there was no physical violence of any

kind on the wife by the husband" and "that the husband was not cruel and abusive to his wife." Where the evidence is not reported the ultimate findings of the judge must be taken to be true unless they are inconsistent with his subsidiary findings. *Brown* v. *Brown,* 323 Mass. 332, 333. There is no inconsistency here. The findings required the decree.

The libellant contends that the ultimate findings were predicated upon a subsidiary finding "that the wife's conduct has been reprehensible, and, therefore, I dismissed the libel." She relies on *Reddington* v. *Reddington,* 317 Mass. 760, where at page 764 it was said, "No conduct of the libellant who proves a cause for divorce will bar a decree, under the doctrine of recrimination, unless it amounts to a statutory cause for divorce." This principle has no application here for the judge expressly found that the cause for divorce alleged in the libel was not proved.

The libellant also points out what she says is an inconsistency in the record. The judge's report recites that no commissioner was appointed to take the testimony at the hearing, yet it appears from the record before us that at the request of the libellant a commissioner was appointed. Why the testimony is not in the record is not explained. Whatever happened we have no evidence before us. The libellant contends that absence of a commissioner was prejudicial in that she was precluded from coming here with a report of the evidence which this court could examine and from it draw reasonable inferences.

The libellant was undoubtedly entitled to have the evidence taken and reported to this court, if she complied with the pertinent statute and rules made under it. G. L. (Ter. Ed.) c. 214, § 24, as amended by St. 1947, c. 365, § 1. Rule 17 of the Probate Courts (1934). *Silke* v. *Silke, ante,* 487, 488. However, it does not appear what steps, if any, the libellant took to protect her rights. She shows no error.

*Decree affirmed.*