Roy G. A. Petterson *vs.* Agnes J. Stohlberg & another. November 1, 1950. Decree affirmed. This case is here on appeal from a decree of the Probate Court on a petition in equity by the conservator of Caroline Swenson against Agnes J. Stohlberg and her husband. The petition seeks to have declared null and void a deed dated January 18, 1949, of certain land with the building thereon at 27 Bates Avenue, Worcester, formerly the home of Caroline Swenson and her late husband, on grounds of undue influence, want of consideration, and failure of consideration. A decree was entered that the deed is valid and binding on the parties, with certain provisions not here material. The evidence is not before us but the judge made a report of material facts. Among other findings, the judge found that Caroline Swenson and her late husband, who had no children, took Agnes into their home when she was about two months old and she lived there practically all her life. Although Agnes was never adopted, they brought her up as their daughter and treated her as such. The judge found adequate consideration for the deed and no undue influence. It has been so often held that it seems redundant to repeat that, where the evidence is not reported, the ultimate finding of the judge must be taken as true unless plainly inconsistent with subsidiary findings. *Skerrett* v. *Hartnett*, 322 Mass. 452, 455. *Benton* v. *Benton*, 325 Mass. 736, 737. A more detailed recital of the findings would serve no useful purpose. It is enough to say we have examined them and find no inconsistencies.

*R. G. A. Petterson*, for the petitioner.

*H. H. Hartwell*, (*J. F. Driscoll* with him,) for the respondents.

Marjorie S. Lyon *vs.* John D. Lyon. November 2, 1950. Decree affirmed. The petitioner and the respondent are divorced. When the divorce was granted the petitioner was given custody of the two minor children and the respondent was ordered to pay to the petitioner the sum of $20 each week for the support of the children. Subsequently, on February 19, 1947, the original decree was modified by a decree ordering the respondent to pay the petitioner $25 each week "for alimony and for support" of the children. In May, 1949, the petitioner brought the present petition asking that the payments for the support of the children be increased. After hearing, the judge of the Probate Court entered a decree modifying the decree of February 19, 1947, and ordering the respondent to pay $35 per week to the petitioner for the support of the children. From this decree both parties appealed, the petitioner contending that the amount awarded was not enough and the respondent contending that it was too much. The case comes here on a report of material facts and a supplemental report made pursuant to an order of this court dated May 5, 1950. The evidence is not reported. The power of the court under G. L. (Ter. Ed.) c. 208, § 28, to revise and alter decrees touching the support of children is a broad one. The guiding principles have recently been discussed in *Whitney* v. *Whitney*, 325 Mass. 28, 31. The amount to be awarded for the support of children is to a considerable extent within the discretion of the judge, giving proper weight to "the circumstances of the parents and the benefit of the children." That discretion, however, is subject to review on appeal. *Coe* v. *Coe*, 313 Mass. 232, 235. We are of opinion that the findings of the judge supported the decree entered below, and reveal no grounds for disturbing it.

*H. S. Sharpe*, for the petitioner, submitted a brief.

*J. G. Brackett*, for the respondent.