AUDREY LORRAINE REUM *vs.* ROBERT DAVID BRAZEAU.

Franklin.   September 10, 1973. — November 13, 1973.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Divorce,* Modification of decree.  *Probate Court,* Appeal.  *Frauds, Statute of.  Contract,* Concerning proceeds of sale of real estate.

An objection that a petition filed in a Probate Court seeking both modification of child support payments and determination of property rights of divorced parties was multifarious could not be made for the first time on appeal, where the Probate Court had jurisdiction over each of the matters. [551]

Failure to allege a change of circumstances in a petition for modification of a decree for child support did not preclude modification of that decree to order the respondent to pay a clothing allowance for the children, where it appeared that the decree had been entered pursuant to a stipulation between the petitioner and the respondent which failed to include an oral promise by the respondent to pay the clothing allowance, that the petitioner, relying on the respondent's oral promise, had not appeared either personally or through counsel to litigate the matter, and that the respondent's failure to pay the allowance occurred after the entry of the decree. [552]

On a petition to modify a child support decree, it was within the discretion of the judge to consider events which took place prior to the entry of the decree. [552-553]

An oral agreement by a divorced husband to sell the house owned by him and his wife as tenants by the entirety after his wife conveyed her interest to him and to turn over to her one-half of the proceeds of the sale was not within the statute of frauds, G. L. c. 259, § 1, Fourth, so as to bar recovery by the wife of her share of the proceeds following sale of the house by the husband. [553]

PETITION filed in the Probate Court for the county of Franklin on April 27, 1972.

The case was heard by *Keedy*, J.

*Sebastian J. Ruggeri* for the respondent.
*Stanley L. Cummings* for the petitioner.

HALE, C.J.    This is an appeal from a decree of a Probate Court which modified a decree of divorce to provide for a clothing allowance for two children of the parties and which also ordered the respondent to pay the petitioner the sum of $8,469. We summarize the facts found by the trial judge.

The parties were married on October 13, 1950. In November of 1970 they separated because the petitioner had found a new mate. At the request of the petitioner the respondent sought and obtained a decree of divorce nisi on February 23, 1971. The respondent was awarded custody of the four children of the marriage. There was no order for support. The parties had been living with their four children in a home which they owned as tenants by the entirety. Prior to the divorce the parties agreed that should the home no longer be used as a dwelling for the four children, and be sold, the respondent would turn over one half of the proceeds of the sale to the petitioner. Relying on that agreement, the petitioner conveyed her interest in the home to the respondent.

The divorce decree was modified by agreement of the parties on August 5, 1971, to give the petitioner custody of the four children with an order of $50 a week for the support of two of them.[1] During discussions leading to the preparation of a stipulation pursuant to which the decree was modified, the respondent promised the petitioner that he would pay her $400 a year as a clothing allowance for the two children. This agreement was not mentioned in the stipulation and therefore was not included in the decree as modified. Up to this point in the proceedings the petitioner was not represented by her own counsel. The clothing allowance was not paid as agreed.

The house was sold by the respondent, and the net proceeds of the sale amounted to $26,000. He gave the petitioner $3,000 and paid off a loan on the petitioner's car

---

[1] The two older children are now self supporting and living with the respondent.

amounting to $1,531. He refused to pay the petitioner the remaining balance of one-half of the purchase price, or $8,469.

The petitioner then filed the present petition seeking (1) that the respondent be ordered to pay the petitioner "one half the remaining proceeds" of the sale of the real estate and (2) that the decree of support be altered and revised to order the respondent to pay, in addition to the support order of $50 a week, the sum of $400 annually by way of clothing allowances for two of the children. Thus, the petitioner combined in one form of pleading a petition in equity and a petition for modification. Acting on that pleading the judge entered the decree from which the respondent has appealed to this court.[2]

1. The respondent contends that the petitioner improperly joined "two causes of action" in that she sought both a modification of support payments and a determination of property rights in one pleading. While the two matters properly should have been the subjects of separate petitions, the Probate Court nonetheless had jurisdiction over each of the matters. G. L. c. 208, § 28 and § 33. *MacLennan* v. *MacLennan,* 311 Mass. 709, 711-712 (1942). G. L. c. 215, § 6, as amended by St. 1958, c. 223. The objection to the pleading as multifarious was not raised prior to or during the hearing in the trial court. As the objection concerns only a procedural (not a jurisdictional) irregularity, it may not be raised for the first time on appeal. *Crocker* v. *Dillon,* 133 Mass. 91, 102 (1882). *Vaughan* v. *Bridgham,* 193 Mass. 392,

---

[2] "It is DECREED that the decree of February 23, 1971 as altered and revised by the decree of August 5, 1971, is further altered and revised in the following particulars: the respondent is ordered to pay to said petitioner in addition to the amount ordered for support of said minor children by the decree of February 23, 1971 as altered and revised by decree of August 5, 1971, the sum of $100.00 each September and each April of each year as a clothing allowance for each of said minors, a total of $400.00 per year. The first payment to be made in September, 1972.

"Insofar as this petition is a petition in equity with reference to a determination of the property rights of the parties, it is ORDERED, ADJUDGED and DECREED that said respondent pay to said petitioner within sixty (60) days from the date of this decree the sum of $8,469.00, (it being one-half of the proceeds of the sale of the house, less $3,000.00 and less $1,531.00)."

397 (1907). See *Guardianship of a Minor, ante,* 392, 398 (1973).

2. The respondent contends that the part of the petition relative to modification failed to allege any change of circumstances and, therefore, that no modification could be decreed. He relies on *Robbins* v. *Robbins,* 343 Mass. 247, 249 (1961), and cases cited therein. As to that issue, the petition alleged and the judge found that the respondent had promised to pay the petitioner the clothing allowance in addition to support payments; that she trusted the respondent, and accordingly, did not insist that the provisions for the allowance be included in the stipulation; and that the respondent failed thereafter to pay such allowances as agreed, although the petitioner repeatedly requested him to do so. He further found that in reliance on the oral promise of the respondent the petitioner had not appeared either personally or through counsel at the hearing on the prior petition to modify. This is not, therefore, a case which falls within the reason for the rule calling for a change of circumstances, as the matter has not been effectively litigated. *Robbins* v. *Robbins,* 343 Mass. 247, 249 (1961). Moreover, the failure to pay the clothing allowances as agreed occurred after the entry of the August 5, 1971, decree and the judge found that these payments were well within the respondent's means and that his failure fully to meet them deprived the children of funds necessary for their adequate support. See *Buchanan* v. *Buchanan,* 353 Mass. 351, 352-353 (1967); *Kates* v. *Kates,* 347 Mass. 783 (1964). It was within the discretion of the judge to consider events which took place prior to the entry of the earlier decree. *Graves* v. *Graves,* 108 Mass. 314, 321 (1871). *Hinds* v. *Hinds,* 329 Mass. 190, 192 (1952). See *Whitney* v. *Whitney,* 325 Mass. 28, 32-33 (1949). "The power of the court under G. L. (Ter. Ed.) c. 208, § 28, to revise and alter decrees touching the support of children is a broad one." *Lyon* v. *Lyon,* 326 Mass. 794 (1950). We are convinced that the allegations contained in the pleading set forth sufficient grounds upon which the judge could modify

the divorce decree. There was no error in his so doing. See *Whitney* v. *Whitney,* 325 Mass. 28, 32-33.

3. The respondent's contention that the agreement to divide the proceeds of the sale of the house was unenforceable as it was not in writing as required by G. L. c. 259, § 1, is without merit. This was not a contract "for the sale of lands, tenements or hereditaments or of any interest in or concerning them . . .." This agreement concerned merely personalty, that is, the proceeds of any prospective sale of the property. *Trowbridge* v. *Wetherbee,* 11 Allen 361, 364 (1865). *Chace* v. *Gardner,* 228 Mass. 533, 535-536 (1917). *Rosenberg* v. *Drooker,* 229 Mass. 205, 207 (1918). *Dangelo* v. *Farina,* 310 Mass. 758, 761 (1942). Now that the land has been sold, it remains only for the respondent to account for the petitioner's agreed share.

The decree of the Probate Court is affirmed. Costs of appeal may be awarded in the discretion of the Probate Court.

*So ordered.*