Sherman, PJ.
This is an action in three counts for the defendant’s alleged breach of an express and implied contract and unfair and deceptive practices in violation of G.L.c. 93A in refusing to pay his portion of the losses generated by the parties’ rental property.
The defendant filed a Dist./Mun. Cts. R. Civ. R., Rule 12(b) (6) motion to dismiss which, after the submission of affidavits by both parties, was properly treated by the trial court as a Dist./Mun. Cts. R. Civ. R., Rule 56 motion for summary judgment. Dist./Mun. Cts. R. Civ. P., Rule 12(b). See also, Taplin v. Chatham, 390 Mass. 1,2 (1983); Cousineau v. Laramee, 388 Mass. 859, 860 n.2 (1983). The plaintiff now appeals the court’s allowance of the defendant’s motion.
The record indicates that in January, 1988, the parties jointly purchased two condominium units in Warwick, Rhode Island for investment purposes, and executed a promissory note and mortgage to Citicorp Mortgage, Inc. to secure the requisite financing.
The plaintiff alleges and the defendant denies that the parties agreed to share equally both in the profits and losses and in the management of the condominium units.
In April, 1988, the parties’ conveyed title to the condominiums, without consideration, to the P & G Realty Trust which they had previously created and in which they named themselves as trustees. The conveyance had no effect upon the parties’ joint and several liability on the mortgage note to Citicorp.
From January, 1988 through July, 1992, the parties jointly operated and managed the condominiums as rental units, and contributed equally to the continuing shortfall of costs and expenses over rental income. In July, 1992, the defendant resigned as co-trustee and informed the plaintiff that he would no longer participate in the management of the properties, or pay his equal share of the losses resulting therefrom. The defendant’s refusal of the plaintiff’s demands for such payment resulted in the present action.
In an affidavit in support of his motion to dismiss, the defendant claimed that no express agreement was ever executed by the parties for joint management of the condominiums and equal liability for all charges, expenses, costs and losses asso- *31 dated with the properties; that any implied agreement for the same was unenforceable under the Statute of Frauds and superseded by the final integrated agreement of the parties set forth in the Declaration of Trust; and that G.L.c. 93A was inapplicable to the parties’ transaction as neither party was engaged in the real estate trade or business. The plaintiff averred by way of counter-affidavit that to the extent the Statute of Frauds applied, he had sufficient written memoranda of the parties’ agreement to satisfy the Statute and that the defendant was estopped from invoking its provisions; that the Declaration of Trust pertained only to the parties’ relationship with third parties and beneficiaries, and was not intended to supersede the parties’ prior agreement; and that the defendant was engaged in the real estate business.
The trial court allowed the defendant’s motion and entered summary judgment for the defendant.
1. There is no merit to the defendant’s principal contention that the Statute of Frauds, G.L.c. 259, §1, precludes any recovery by the plaintiff herein for the defendant’s breach of an oral or implied contract under Count II of the plaintiff’s complaint. The fourth provision of the Statute relied upon by the defendant pertains solely to “a contract for the sale of lands ... or of any interest in or concerning them.” The Statute of Frauds is inapplicable to contracts which do not entail or contemplate a transfer of land or the creation of any estate or interest therein and which instead concern the profits or losses arising from the use or sale of realty. Fencer v. Wills, 259 Mass. 546, 549 (1927). See also, New Bedford v. Bender, 345 Mass. 544, 547 (1963); Reum v. Brazeau, 1 Mass. App. Ct. 549, 553 (1973).
The implied agreement alleged by the plaintiff for the parties’ management of their condominium investment and equal liability for losses arising therefrom neither contemplated the creation, conveyance or sale of any interest in land, nor affected the existing title to the realty in question. Such implied agreement did not fall, therefore, within the Statute of Frauds, and the plaintiff’s claim for breach of such implied agreement was not barred by G.L.c. 259, §1.
2. The implied contract in question for the sharing of real estate profits and losses was in the nature of an oral partnership agreement or joint venture which is a contract ordinarily not within the purview of the Statute of Frauds. First Penn. Mortgage Trust v. Dorchester Savings Bank, 395 Mass. 614, 625 (1985). A partnership of joint venture may be created by either an express or implied contract, Edgerly v. Equitable Life Assur. Society, 287 Mass. 238, 243 (1934), and the existence and terms of such business relationship ordinarily present a mixed question of fact and law. Seemann v. Eneix, 272 Mass. 189, 191 (1930); Maker v. Bermingham, 32 Mass. App. Ct. 971, 973 (1992). However, where the existence of an oral or implied agreement is disputed, as in the instant case, the dispositive question is one of fact for the trial court. Wheelock v. Zevitas, 229 Mass. 165, 170 (1918); Fenton v. Bryan, 33 Mass. App. Ct. 688, 691 (1992). See generally, Goldstein v. Katz, 325 Mass. 428, 430 (1950).
The presence of a genuine issue of material fact in the instant case as to whether the parties entered into the implied agreement alleged by the plaintiff required the denial of the defendant’s motion for summary judgment. Marr Equip. Corp. v. I.T.O. Corp. of New England, 14 Mass. App. Ct. 231, 235 (1982); Bedford Heating & Air Conditioning Co. v. Milano, 6 Mass. App. Ct. 898 (1978).
3. The relevance of this issue of fact is not negated by the existence or terms of the parties’ Declaration of Trust. The Declaration may be reasonably construed in the plaintiff’s favor as a contractual attempt by the parties to shield themselves from any future liability for the claims of third parties, including their condominium tenants, rather than to re-define their rights and obligations vis-a-vis each other. The Declaration does not expressly or unequivocally absolve the defendant from the claims advanced by the plaintiff herein. Whether the Declaration was intended by the parties to constitute the final, entire agreement between them as *32 alleged by the defendant remains as a disputed issue in this case. Such issue of integration is one of fact, Ryder v. Williams, 29 Mass. App. Ct. 146, 149 (1990), which could not properly have been resolved upon a motion for summary judgment.
4. As the existence of material issues of fact relative to Count II of the complaint is dispositive of the plaintiffs appeal, it is unnecessary to address additional issues which may require a trial on the merits on the remaining counts.
The trial court's allowance of the defendant's motion and entry of summary judgment in his favor is hereby vacated. This action is returned to the Newton Division for trial.
So ordered.